COMMONWEALTH *vs.* JEFFREY S. ROBERIO.

Plymouth. September 9, 1998. - October 26, 1998.

Present: WILKINS, C.J., ABRAMS, GREANEY, FRIED, & MARSHALL, JJ.

*Practice, Criminal,* Assistance of counsel, New trial. *Constitutional Law,* As-
sistance of counsel. *Insanity. Evidence,* Expert opinion, Credibility of wit-
ness. *Felony-Murder Rule. Homicide. Robbery.*

In the circumstances of a murder case, defense counsel's failure to investigate
an insanity defense constituted ineffective assistance of counsel [279-280],
and the judge incorrectly denied the defendant's motion for a new trial on
that ground, based on his own assessment of the credibility of the
defendant's qualified expert psychologist who testified at a hearing on the
motion [280-282].
At a criminal trial in which the defendant was convicted of armed robbery and
murder in the first degree on the basis of premeditation, extreme atrocity or
cruelty, and felony-murder, the robbery assault and the numerous other as-
saults on the victim were sufficiently independent to permit convictions of
both murder and robbery. [282]

INDICTMENTS found and returned in the Superior Court Depart-
ment on August 25, 1986.

The cases were tried before *Vieri Volterra,* J., and a motion
for a new trial was heard by him.

*Andrew R. Silverman,* Committee for Public Counsel
Services, for the defendant.

*Robert C. Thompson,* Assistant District Attorney, for the Com-
monwealth.

ABRAMS, J. The defendant appeals from convictions of murder
in the first degree and armed robbery and from the denial of his
motion for a new trial. Represented by new counsel on appeal,
the defendant argues that he is entitled to a new trial because he
was denied effective assistance of counsel. After an evidentiary
hearing, the judge determined that defense counsel's decision
not to investigate a defense of lack of criminal responsibility
fell measurably below the standard of an "ordinary, fallible
lawyer" and that his decision was "manifestly unreasonable."

The judge concluded that, despite that failure, the defendant was not deprived of an otherwise available ground of defense. We do not agree. We reverse and remand for a new trial.

On the evening of July 29, 1986, the defendant and Michael Eagles[1] entered the Middleborough trailer home of the victim, seventy-nine year old Lewis Jennings. The victim, who lived alone, kept cash in his trailer (denominations of one hundred, fifty, and twenty dollar bills). Late the next day, the victim's body was discovered. He had been beaten savagely with a blunt force object or instrument and strangled to death with his own pillow case. An autopsy revealed that the victim's spine, several ribs, and bones in his neck were fractured. The injuries to the victim's face and head were extensive, and he also had numerous lacerations on his right hand indicative of defensive wounds. The victim was alive at the time the injuries were inflicted. An undetermined amount of money, a shotgun, and various items of personal property were stolen from the victim's home.

1. *Ineffective assistance of counsel.* The judge, in his decision denying the defendant's motion for new trial, found the following facts as to the issue of criminal responsibility. Prior to trial, defense counsel had notice of a potential issue of lack of criminal responsibility. The defendant's parents told defense counsel that, before this crime and before trial, the defendant had received mental health treatment at the suggestion of the police. Defense counsel did not investigate that information, nor did he attempt to obtain any information from the local mental health center. Defense counsel also chose not to ask the defendant to submit to a psychiatric evaluation. Instead, defense counsel made his own assessment of the defendant's mental health.[2]

We have said "[f]ailure to investigate an insanity defense

---

[1]Michael Eagles was tried separately and convicted of murder in the first degree and armed robbery. His convictions were affirmed. *Commonwealth* v. *Eagles*, 419 Mass. 825, 826 (1995).

[2]Defense counsel said that the defendant's responses to questions at their initial meeting indicated that "he was aware of what I asked him, that he understood what I asked him, that his responses were focused, that they were directed and responsive to the questions." Defense counsel further stated that he regularly asks the same series of questions of his clients so he can "make some determinations as to the ability of the individual that I'm speaking with to focus on his situation." Defense counsel concluded that the defendant "appeared to me to be aware of his circumstances, focused and responsive, and did not appear to have any difficulty understanding me or responding to the

[falls] below the level of competence demanded of attorneys, if facts known to, or accessible to, trial counsel raised a reasonable doubt as to the defendant's mental condition." *Commonwealth* v. *Doucette*, 391 Mass. 443, 458-459 (1984). Relying on *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974), the judge correctly concluded that defense counsel's decision not to investigate the possibility of presenting expert testimony was unreasonable and that "the 'ordinary, fallible lawyer' would have at least undertaken an investigation [of] the viability of presenting expert psychiatric testimony" in defense of a client.

On appeal, we review the defendant's claim under G. L. c. 278, § 33E. See *Commonwealth* v. *Wright*, 411 Mass. 678 (1992). At the hearing on the motion for a new trial, the defendant also offered the testimony and a report of a clinical psychologist. It was the psychologist's opinion that the defendant, at the time of the homicide, to a reasonable degree of scientific certainty, suffered from at least three mental diseases or defects: attention deficit hyperactivity disorder (ADHD); traumatic brain injuries; and a language learning disability. The psychologist noted that the defendant's ADHD and learning disability are both characterized by "failure in the normal development of the brain," while the traumatic brain injuries suffered by the defendant were caused by two falls, one from a tree and the other from a roof. The psychologist stated that these neurological impairments were compounded by the effects of alcohol,[3] the consumption of which the defendant was unable to resist as a result of his mental defects, rendering the defendant "unable to conform his conduct to the requirements of the law." According to the psychologist's testimony, the defendant also suffered from oppositional defiant disorder (ODD) and substance abuse mood disorder (also referred to as pathological intoxication). The psychologist explained that ODD was manifested in the defendant's impulsiveness and distractibility, and that pathological intoxication refers to the tendency of the personality of the sufferer to change when he drinks

questions that I put to him." Those questions, however, are relevant to the competency of a defendant to stand trial, not to the issue of criminal responsibility. The judge noted that defense counsel "could not have made an accurate assessment" of the defendant's "mental state at the time of the crime without expert training."

[3]There was evidence presented at trial that the defendant had alcohol with him when he set out for the victim's home, and the judge instructed the jury on the issue of voluntary intoxication.

alcohol. The psychologist also said that, when the defendant's disorders are combined with his use of alcohol, "it makes him essentially unable to control his behavior." The psychologist concluded that, at the moment that the defendant entered the victim's home, "he lacked the ability to conform his conduct to the requirements of the law." Based on this testimony, the jury might have concluded that the defendant thus met the test of *Commonwealth* v. *McHoul*, 352 Mass. 544, 546-547 (1967). In view of the psychologist's testimony, lack of criminal responsibility would have been a substantial defense.

In reviewing the defendant's claim of ineffective assistance of counsel, where the trial judge has determined that defense counsel was ineffective in not raising a substantial available defense, the issue is limited to whether counsel's failure to raise a substantial available defense was likely to have influenced the jury's conclusion. *Commonwealth* v. *Wright*, 411 Mass. 678, 682 (1992). A jury that believed the defendant's expert likely would have been influenced to return a verdict of not guilty by reason of insanity. It was not proper for the trial judge, having found ineffective assistance for failure to raise that defense, to then remove the issue of credibility of that defense from the jury. The judge's inquiry should have ended when he concluded that the defendant was deprived of a substantial available defense.

The judge reached his conclusion that a new trial was not needed because, in his view, the psychologist was not credible.[4] Once the expert's qualifications were established and assuming the expert's testimony met the standard of *Commonwealth* v. *Lanigan*, 419 Mass. 15 (1994), the issue of credibility was for a jury, not the judge. See *Leibovich* v. *Antonellis*, 410 Mass. 568, 573 (1991). We evaluate the defendant's evidence in the light most favorable to him to determine whether it might have influenced a jury's conclusion. The fact that the witness was weakened by cross-examination is not relevant in deciding the new trial question. See *Commonwealth* v. *Street*, 388 Mass. 281, 286 (1983).[5] It was error for the judge to deny the motion for a

---

[4]Neither the qualifications of the expert nor the scientific validity of the expert's discipline were challenged at the hearing. See *Commonwealth* v. *Lanigan*, 419 Mass. 15 (1994). The judge admitted the opinion and then concluded the expert's testimony was not credible.

[5]The fact that jurors routinely reject the issue of lack of criminal responsibility also is not relevant.

new trial based on his assessment of the expert's credibility.[6]

2. *Issues likely to arise at a new trial.* The defendant was convicted of armed robbery and murder in the first degree on the basis of premeditation, extreme atrocity or cruelty, and felony-murder. The defendant asserts that the robbery merged with the conviction for murder in the first degree and therefore cannot stand. We do not agree.

The numerous assaults on the victim after the initial robbery assault were sufficiently independent to support the felony-murder conviction and did not require the felony to be merged with the homicide. The separate acts of personal violence permit a conviction of both the murder and the robbery. See *Commonwealth* v. *Gunter*, 427 Mass. 259, 274 (1998). The defendant also asserts that the judge did not require the jurors to find that the defendant acted with malice as well as the intent to commit the armed robbery in his instructions on felony-murder. There was no error. We rejected that argument in *Commonwealth* v. *Moran*, 387 Mass. 644, 649 (1982) (intent to commit felony is substitute for malice aforethought). See *Commonwealth* v. *Matchett*, 386 Mass. 492, 502 (1982).

The order denying the defendant's motion for a new trial is vacated. The judgments are reversed, the verdicts of murder in the first degree and armed robbery are set aside, and the case is remanded to the Superior Court for a new trial.[7]

*So ordered.*

---

[6]We need not decide whether defense counsel's failure to assert in his opening statement or closing argument the defendant's claim that he withdrew from the joint venture with Eagles before Eagles inflicted the fatal blows as well as defense counsel's failure to present the only witness who could support this theory or to cross-examine witnesses on that issue left the defendant "denuded of a defense." *Commonwealth* v. *Street*, 388 Mass. 281, 287 (1983).

[7]The defendant also moved for a new trial on the armed robbery conviction. On appeal, the defendant does not argue any separate error in that conviction. Nevertheless, we reverse that conviction in the interest of justice. See Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). The ineffectiveness of defense counsel in not raising the issue of criminal responsibility also applies to that conviction. The judge should have allowed the rule 30 (b) motion for a new trial on the armed robbery conviction.