Commonwealth vs. Eva M. Lawrence.

No. 05-P-1172.

Berkshire. November 13, 2006. - January 23, 2007.

Present: Rapoza, C.J., Armstrong, & Dreben, JJ.

*Indecent Assault and Battery. Obscenity,* Child pornography. *Practice, Criminal,* Assistance of counsel.

At a criminal trial, the ten year old victim's testimony was sufficient to convict the defendant of indecent assault and battery on a child under fourteen years of age, where the touching of the child's vaginal area was shown to be indecent by the circumstances in which it occurred (during the night, the defendant, who was the victim's mother, arranged the child's clothing so as to expose her, and took photographs of her despite her protests and expressions of sadness, which resulted in the victim's feeling ashamed) [104]; further, the victim's testimony was sufficient to convict the defendant of posing a child in a state of nudity, where the requisite lascivious intent was inferable from the incidents of indecent assault and battery associated with the nighttime photography [104-105].

At the trial of indictments charging the defendant with, inter alia, posing a child in a state of nudity, counsel was not ineffective in failing to respond to the absence of alleged computer depictions to which the victim testified, where the unexplained failure to find any image of the defendant was favorable to her; further, the defendant did not show that counsel failed to bring forth evidence of the victim's father's motive to disparage the defendant. [105-106]

INDICTMENTS found and returned in the Superior Court Department on January 23, 2004.

The cases were heard by *John A. Agostini,* J., and a motion for a new trial, filed on October 17, 2005, was also heard by him.

*Karen L. Carlo,* Assistant District Attorney, for the Commonwealth.

*William A. Korman* for the defendant.

Armstrong, J. The defendant was charged and found (after a bench trial) guilty of indecent assault and battery on a child

under fourteen years of age, G. L. c. 265, § 13B, and posing a child in a state of nudity, G. L. c. 272, § 29A(*a*). The victim — ten years old at the time of trial — was the daughter of the defendant and, as the only other person with first-hand knowledge, the principal witness for the Commonwealth. The victim's testimony was to the effect that on a number of occasions when she slept in the defendant's bed, she would wake up at night to find her pajamas pulled down exposing her "private," which she said was where "pee" comes from. The defendant would be photographing and sometimes touching her "private." The victim saw photographs of herself in the exposed pose on the defendant's computer screen, on which she saw also photographs of the defendant posing nude. The defendant testified that she had acknowledged to police that she sometimes took nude photographs of herself, but she categorically denied taking nude photographs of the victim or touching her "private."

1. *Sufficiency of evidence.* The victim's testimony was sufficient evidence of both charges. As to the indecent assault and battery charge, the touching of the vaginal area, although by the victim's mother, was shown to be indecent by the circumstances in which it occurred — the arrangement of clothing so as to expose, the photography, and the victim's protests ("I told her to stop"), reactions of mood (it made me feel "sad"), and feeling of shame (not telling her father because "it was hard to talk about").

Pursuant to G. L. c. 272, § 29A(*a*), the posing charge has four elements: (1) knowledge that the person posed is under age eighteen; (2) causing the child to pose in a state of nudity, defined in G. L. c. 272, § 31, as appearing in St. 1988, c. 226, § 5, to include "uncovered . . . human genitals[] [or] pubic areas"; (3) a purpose of representation or reproduction in any visual material; and (4) lascivious intent. The defendant argues that the Commonwealth did not sustain its burden to prove lascivious intent because it did not put in evidence even a single photograph or depiction of the victim nude from which an inference of lascivious intent could be drawn. It is impossible to sustain a conviction, the defendant argues, unless the finder of fact can view the photographs or other depictions.

The defendant cites no authority for a per se rule that the fact finder must be able to view an unlawful depiction in order to find a defendant guilty. The gist of the § 29A(*a*) offense is not the depiction but, rather, the posing of the child for the purpose of depiction, with the requisite intent — a crime which would seem to be complete even if no depiction materializes, due to a lack of film, for example, or a malfunctioning camera. The definition section of the statute, § 31, defines "lascivious intent" as "a state of mind in which the sexual gratification or arousal . . . is an objective." G. L. c. 272, § 31, inserted by St. 1988, c. 226, § 3. The definition goes on to list six "factors" as indicia of lascivious intent, but these could be demonstrated as easily by description as by the depictions themselves. Factor (2), for example — "whether the focal point of a visual depiction is the child's genitalia, pubic area, or breast area of a female child" — was adequately shown by the victim's verbal description; the computer image was not necessary to prove the point. *Ibid.* Moreover, § 31 introduces the list of six indicia with the words, "proof of lascivious intent may include, but shall not be limited to, the following." *Ibid.* See *Commonwealth v. Bean*, 435 Mass. 708, 713-714 (2002). Quite apart from the six enumerated indicia of lascivious intent, in this case that intent is inferable from the incidents of indecent assault and battery associated with the nighttime photography.

2. *Ineffective assistance of counsel.* The other points argued in the appeal concern, for the most part, trial counsel's response, or lack thereof, to the absence of the alleged computer depictions the victim testified that she saw. The evidence was that the defendant was using a rented computer that she had returned to the rental company. An assistant manager of the company told the police that upon return of a computer, the company's practice was to erase the images, so as to reformat the hard drive. The police obtained the computer that the assistant manager said the defendant had rented, which was identified by a serial number. Despite the erasing, police were successful in viewing 28,000 to 29,000 images, none of which were of the defendant or the victim. The probative force of that evidence was, of course, blunted by the fact that the defendant provided the police with a written statement that she took nude photo-

graphs of herself and had viewed them on the computer. The failure to find these nude images could indicate that the police may have had the wrong computer or that their viewing was too fast to be accurate, but the unexplained failure to find any image of the defendant was generally favorable to the defendant. In this situation, it is not suggested what testimony a computer expert could have furnished that might have been helpful to the defendant's case — that is to say, in the words of *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974), that the absence of such an expert "likely deprived the defendant of an otherwise available, substantial ground of defence."

Nor is it shown that the defendant's trial counsel failed to put before the fact finder evidence of the victim's father's motivation to disparage the defendant to gain custody of the victim. The judge was in fact made fully aware of the acrimonious family background.

*Judgments affirmed.*

*Order denying motion for new trial affirmed.*