Lenk, J.
(concurring, with whom Gants, C.J., and Cordy, J., join). I agree with Justice Hines’s conclusion that the defendant is not entitled to relief on his motion for a new trial based on ineffective assistance of counsel. I disagree however, on the reasons for that conclusion. Justice Hines rejects the defendant’s motion because she determines that a hypothetical strategic decision, which defense counsel never actually made, was “not manifestly unreasonable.” Ante at 17. I believe that the “manifestly unreasonable” standard should apply only when we are assessing the strategic decisions that defense counsel actually made, and not imagined decisions that counsel could have made.
*19 The familiar test for a defendant’s entitlement to relief under G. L. c. 278, § 33E, set forth by this court in Commonwealth v. Wright, 411 Mass. 678, 682 (1992), has two parts. The court asks “[1] whether there was an error in the course of trial (by defense counsel, the prosecutor, or the judge), and, [2] if there was, whether that error was likely to have influenced the jury’s conclusion.” Id.
Justice Hines concludes that defense counsel’s “failure even to consider an investigation” into a potential lack of criminal responsibility defense, “given the available information suggesting that the defendant had a substantial psychiatric history, did not meet th[e] standard” for effective assistance of counsel. Ante at 15. I agree with that determination. Then, however, instead of proceeding to the second part of the analysis and asking whether counsel’s error was likely to have influenced the jury’s conclusion, Justice Hines reconstructs a hypothetical choice that counsel might have made, had counsel completed an adequate investigation. She “assume[s] . . . that Dr. Paul Spiers’s expert opinion [that the defendant lacked criminal responsibility for the killing] would have been available to counsel, if he had appropriately undertaken some investigation of the defendant’s mental health history before trial.” Ante at 16. Concluding that, “even assuming the availability of a viable lack of criminal responsibility defense, counsel’s strategic choice to defend the case solely on a self-defense theory was not manifestly unreasonable,” she concludes that the defendant’s convictions should be affirmed. Id.
Our case law does not support this assessment of counsel’s strategic decisions in isolation from his constitutionally inadequate investigation. On the contrary, we have held that “strategic choices made after less than complete investigation are reasonable [only] to the extent that reasonable professional judgments support the limitation on investigation.” Commonwealth v. Baker, 440 Mass. 519, 529 (2003), quoting Strickland v. Washington, 466 U.S. 668, 690-691 (1984). In making a judgment about whether the scope of an attorney’s investigation met the constitutional standard of effectiveness, therefore, we are also invariably making a judgment about the reasonableness of the attorney’s strategic choices: counsel’s strategic choice here was unreasonable because it involved deciding against a defense that counsel had done nothing to investigate.
Furthermore, assessing defense counsel’s strategic decision in isolation from the inadequate investigation violates the rule that *20 we “evaluate the conduct from counsel’s perspective at the time.” Strickland v. Washington, 466 U.S. at 689. See Commonwealth v. Adams, 374 Mass. 722, 729 (1978) (“The test is not to be made with the advantage of hindsight”). Normally this rule operates to protect attorneys against the “distorting effects of hindsight,” and to combat the temptation “to second-guess counsel’s assistance after conviction or adverse sentence.” Strickland v. Washington, supra. Yet I see no reason why it should not operate with the same force in cases like this one, where the defense attorney’s strategic choice is unreasonable in light of the limited investigation on which it was based. Id.
Finally, because we are not assessing the strategic choice that counsel actually made, the “manifestly unreasonable” standard is inappropriate. Justice Hines states that, despite the “more favorable standard of review” for convictions of murder in the first degree under G. L. c. 278, § 33E, “we may still rely on the manifestly unreasonable test in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), to evaluate the claimed inadequacy in counsel’s performance.” Ante at note 17. While I agree that the “manifestly unreasonable” standard remains applicable under § 33E review, that standard does not constitute the general standard against which to measure any “claimed inadequacy in counsel’s performance.” On the contrary, the “manifestly unreasonable” standard is a special standard that applies where the attorney’s purportedly constitutionally ineffective conduct involved a strategic decision, rather than some other claimed inadequacy such as a lack of appropriate investigation or preparation by defense counsel. Commonwealth v. Martin, 427 Mass. 816, 822 (1998). We have emphasized that the “manifestly unreasonable” standard is highly deferential. Commonwealth v. Glover, 459 Mass. 836, 843 (2011). That deference reflects the recognition that the “distorting effects of hindsight,” while always present in ineffective assistance of counsel claims, are especially severe where the court is assessing a trial strategy after it proved unsuccessful. See Strickland v. Washington, 466 U.S. at 689. See also Commonwealth v. Glover, supra.
The deference involved in the “manifestly unreasonable” standard only makes sense if we are assessing the strategic choice actually made by “fully informed [defense] counsel.” Commonwealth v. Adams, 374 Mass. at 728. Had defense counsel here adequately investigated the defendant’s psychiatric history and then decided to forgo a lack of criminal responsibility defense in *21 favor of a self-defense theory, we would be hard pressed to find that strategic decision manifestly unreasonable. But that is not what happened. Instead, the choice that defense counsel actually made was to elect a defense without even investigating a lack of criminal responsibility defense. That strategic decision was manifestly unreasonable, and I see no reason why our assessment of its reasonableness should be any different simply because we can imagine a different lawyer who, after completing an adequate investigation into a lack of criminal responsibility defense, might have opted against it.
To say that the court should assess only the strategic decision that counsel actually made does not mean that we must close our eyes to the weakness of the lack of criminal responsibility defense that defense counsel failed to investigate. The second part of the § 33E analysis requires the court to ask “whether [the] error was likely to have influenced the jury’s conclusion.” Commonwealth v. Wright, 411 Mass. at 682. And whereas, in determining whether there was an error by defense counsel, we “evaluate the conduct from counsel’s perspective at the time,” Strickland v. Washington, 466 U.S. at 689, the inquiry into whether the error was prejudicial, both under § 33E review and otherwise, is expressly hypothetical. Where the case comes to this court on § 33E review, we ask whether “we are substantially confident that, if the error had not been made, the jury verdict would have been the same.” Commonwealth v. Spray, 467 Mass. 456, 472 (2014), quoting Commonwealth v. Sena, 429 Mass. 590, 595 (1999), S.C., 441 Mass. 822 (2004).
In this case, I conclude that the defendant cannot make that showing. The defendant has offered no evidence indicating that he would have agreed to present a lack of criminal responsibility defense at the time of the original trial, and has clearly asserted that he would not present the defense at a new trial. See Commonwealth v. Comita, 441 Mass. 86, 90 (2004). Because, under Commonwealth v. Federici, 427 Mass. 740, 744-745 (1998), the decision to present a lack of criminal responsibility defense lies solely with him, the absence of any evidence indicating his willingness to present the defense prevents him from establishing prejudice as a result of counsel’s failure to investigate such a defense.[1]
*22 My disagreement with Justice Hines’s analysis of this issue is not merely a technical quibble. On the contrary, I believe that her expansion of the highly deferential “manifestly unreasonable” standard beyond our evaluation of strategic decisions that counsel actually made could have a significant impact upon other cases, where the defendant is able to show an error by counsel. Under that approach, a defendant’s ineffective assistance of counsel claim would fail whenever the court can imagine a hypothetical lawyer who could have made a considered strategic judgment to present the case in a certain way, even if the court has already found that defense counsel’s actual decision did not reflect such a considered strategic judgment. That approach significantly diminishes the force of claims of ineffective assistance of counsel as protection against wrongful or unfair convictions.

Even if the defendant had agreed to present a lack of criminal responsibility defense, I would still question whether the failure to do so created a substantial *22 likelihood of a miscarriage of justice. Where a defendant moves for a new trial based on ineffective assistance of counsel in failing adequately to investigate a potential lack of criminal responsibility defense, the judge may not deny the motion based on the judge’s own assessment of a potential expert’s credibility or based on the general observation that juries routinely reject lack of criminal responsibility defenses. See Commonwealth v. Roberio, 428 Mass. 278, 281 n.5 (1998). Nevertheless, to prevail on such a motion, the defendant must establish that “counsel’s failure to raise” a lack of criminal responsibility defense “was likely to have influenced the jury’s conclusion,” thus requiring some judicial assessment of the strength of the defense. Id. at 281.
Here I question whether a lack of criminal responsibility defense would have been a substantial defense and see no reasonable basis for thinking the outcome at trial likely would have been different had the defense been offered. I come to that view given the considerably less than compelling quality of the proposed lack of criminal responsibility defense as ultimately outlined by the defense expert and the diluting effect of such a defense on the viable self-defense claim actually presented at trial. These considerations are, of course, the same factors that lead Justice Hines to determine that the hypothetical strategic choice to forgo an ineffective assistance of counsel defense was not manifestly unreasonable.