In 2009, the defendant's 2006 convictions of unarmed robbery as an habitual criminal and assault and battery by means of a dangerous weapon were affirmed on direct appeal. See Commonwealth v. Cruzado, 73 Mass. App. Ct. 803 (2009). Thereafter, the defendant filed multiple motions for new trial, claiming that: (1) his trial counsel was ineffective for failing to properly investigate and pursue a mental health defense; (2) the judge erred in failing to hold a hearing on the defendant's competency; and (3) the defendant was denied his right to a public trial. On appeal, the defendant claims error in the order denying his motion to adjudicate a previously filed motion to reconsider his first motion for new trial, and the order denying his second motion for new trial. We affirm.
Background. We need not repeat all of the facts set forth in our prior decision. To summarize, there was evidence that the defendant stole a car from a gasoline station in Cambridge. Employees who observed the theft gave chase and caught the car at a stop light. As one employee opened the door and attempted to pull the defendant from the car, the defendant sped off dragging the employee who was holding onto the car door. The defendant repeatedly attempted to push the employee from the car. After several blocks, the employee jumped from the car, slid across the road, and collided with the front left tire of a parked car. Soon thereafter, the defendant was apprehended by police after he drove around a rotary in the wrong direction, struck another car, and crashed into a guardrail.
Discussion. 1. Ineffective assistance of counsel. The defendant claims that his ingestion of Klonopin and heroin preceding the vehicle theft placed him in an altered mental state at the time of the offenses, such that he had a viable defense of inability to form criminal intent and, therefore, lacked criminal responsibility. He claims constitutional error in trial counsel's failure to fully investigate and pursue this defense. He also argues that prior postconviction counsel was ineffective in failing to present evidence of trial counsel's deficient investigation. The judge denied the defendant's first motion for new trial in a written memorandum of decision without an evidentiary hearing. He concluded, among other things, that trial counsel developed an adequate trial strategy relying on a psychologist's opinion that "there is not a strong case to be made that [the defendant] meets the McHoul [2 ] standard ... to be found not criminally responsible." Thereafter, in a margin endorsement, the judge denied the defendant's motion to adjudicate the motion to reconsider, and the defendant's second motion for new trial related to ineffective assistance of counsel.
We review a judge's decision to allow or to deny a motion for new trial "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We extend "special deference" to the motion judge where, as in this case, he was also the trial judge. Ibid.
"Where a motion for a new trial is based on ineffective assistance of counsel, the defendant bears the burden of proving entitlement to a new trial by showing that the behavior of counsel fell below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.' "
Commonwealth v. Comita, 441 Mass. 86, 90 (2004), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974). "When arguably reasoned tactical or strategic judgments of counsel are called into question, such judgments must be shown to be manifestly unreasonable when made." Commonwealth v. Henley, 63 Mass. App. Ct. 1, 8 (2005).
Here, approximately nine years after his conviction, the defendant submitted an affidavit in which he stated for the first time in this litigation that he had consumed heroin in addition to Klonopin prior to the criminal episode. This claim is supported, to some extent, by the defendant's hospital records from the date of the offense which show the presence of opiates in his blood. The records also contain a hand written entry, "[h]eroin abuse-used last night."[3] In addition, the defendant filed affidavits from two new experts. A pharmacist opined that the "co-use" of Klonopin and heroin would have resulted in "a substantial possibility that, as a result, [the defendant] did not have the precognition and ability to form a specific intent." A forensic psychiatrist offered an opinion that trial counsel should have retained a forensic psychiatrist rather than a psychologist to evaluate the defendant's mental impairment due to the co-use of Klonopin and heroin. This information is the foundation of the defendant's argument that trial counsel and the defendant's first postconviction counsel were ineffective for failing to adequately investigate the defendant's mental state at the time of the crime. We disagree.
"[F]ailure to investigate an insanity defense [falls] below the level of competence demanded of attorneys, if facts known to, or accessible to, trial counsel raised a reasonable doubt as to the defendant's mental condition." Commonwealth v. Roberio, 428 Mass. 278, 279-280 (1998), quoting from Commonwealth v. Doucette, 391 Mass. 443, 458-459 (1984). Here, however, trial counsel did investigate the defendant's mental state at the time of the offense. As part of his trial preparation, trial counsel retained a licensed psychologist to evaluate the defendant's competency, criminal responsibility, and mental state. The psychologist's investigation included a review of the incident report, the defendant's criminal history, two prior psychological evaluations, as well as interviews with the defendant and his primary care physician. The psychologist shared the results of his investigation with trial counsel in a thorough thirteen-page report. Aware that the defendant (1) had a history of anxiety and depression, (2) was upset after learning of a friend's son's death, and (3) had consumed a large quantity of Klonopin[4] in the hours before the offense, the psychologist nevertheless opined that the defendant "was likely not suffering from a major mental illness." He further concluded that "[d]espite being in an altered state, during the time of the alleged offense [the defendant] appeared to know that his actions were illegal" and "had control over his alleged actions."
Based on this expert opinion, after consultation with the defendant, trial counsel concluded that the strongest defense was not a mental health defense, but that the defendant did not use force, take the car from the victim's immediate control, or intend to kill, rob, or use the car as a means to assault the victim. In light of the expert opinion available to trial counsel at the time, his decision to forego a mental health defense was not manifestly unreasonable. See Commonwealth v. Spray, 467 Mass. 456, 473 (2014) ("[A] decision not to pursue an insanity defense ... because ... the defense would be factually weak, is not tantamount to ineffective assistance of counsel"). Indeed, as the judge noted, the strategy resulted in acquittal of the most serious charge (armed assault with the intent to murder), one of the two specific intent crimes.
The defendant claims that trial counsel was ineffective for (1) failing to follow up on his psychologist's evaluation by obtaining the defendant's hospital records, which showed both his admission to heroin ingestion and the presence of opiates in his blood, and (2) failing to retain additional experts to opine on the effects of the co-use of heroin and Klonopin. We are not persuaded. We evaluate trial counsel's performance based on the information he had at the time. See Commonwealth v. Kolenovic, 471 Mass. 664, 678 (2015) ( "The issue ... is whether the strategic choice was reasonable at the time made"). Here, although the defendant admitted past heroin and cocaine habits to the psychologist, he denied abusing any drugs since 1995. Nothing in the Commonwealth's statement of the case indicated the defendant used heroin prior to the car theft. In his own description of the events, the defendant told the psychologist that he had consumed only Klonopin. Contrary to the defendant's claim, the psychologist's report did not suggest that additional investigation was necessary or that different experts should be consulted. In these circumstances, where trial counsel relied on a thorough report from a qualified psychologist, the defendant denied that he had taken any drugs other than Klonopin, and there was no independent evidence of heroin use in trial counsel's possession, trial counsel acted reasonably in relying on the psychologist's conclusion that the defendant "had control over his alleged actions." The defendant has failed to show that trial counsel's investigation of a potential mental health defense fell below that of an ordinary, fallible lawyer.
Because we conclude that trial counsel's investigation was adequate and his tactical decision was not manifestly unreasonable when made, we need not address whether the defendant was deprived of an available, substantial ground of defense by the actions of prior postconviction counsel. We discern no error of law or abuse of discretion in the denials of the motions for new trial based on ineffective assistance of counsel.
2. Competency. The defendant claims that he was not competent to proceed to trial and that trial counsel was ineffective for failing to request a competency evaluation. The defendant further claims that the judge should have ordered a competency evaluation, sua sponte. The standard for competency is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.' " Commonwealth v. Crowley, 393 Mass. 393, 398 (1984), quoting from Dusky v. United States, 362 U.S. 402, 402 (1960).
"When a defendant alleges, as here, that counsel failed to request a competency hearing or that the judge failed to hold one on [his] own initiative, we ask, 'whether, no less on hindsight than by foresight, there were elements ... [that] could present a substantial question of possible doubt as to [a defendant's] competency to stand trial.' "
Commonwealth v. Robidoux, 450 Mass. 144, 153 (2007), quoting from Commonwealth v. Hill, 375 Mass. 50, 54 (1978). "[I]n reviewing the judge's determination of competency, we must give weight to the judge's opportunity to observe the defendant's demeanor during the trial." Commonwealth v. Robbins, 431 Mass. 442, 446 (2000), quoting from Commonwealth v. Russin, 420 Mass. 309, 317 (1995).
Here, there was no suggestion by anyone, either before or during the trial, that the defendant was not competent. The judge asked, "is there any reason in your discussion with [the defendant] that he has given any indication that he's not competent or capable of understanding the charges[?]" Trial counsel responded, "[n]o, Your Honor." Counsel's response was supported by the psychologist's evaluation and report which concluded that although the defendant had a history of anxiety and depression, he was not suffering from a major mental illness.
The defendant's argument is based, in large part, on evidence of his agitation during the course of the trial and his disruption of the proceedings. The defendant expressed his dissatisfaction with trial counsel, claimed he was being forced to trial, and refused to participate in the habitual offender segment of the bifurcated trial. Such emotional distress, without more, does not "raise a 'bona fide doubt' as to [the defendant's] competence to stand trial." Commonwealth v. Laurore, 437 Mass. 65, 79 (2002). We discern no error in the judge's conclusion that the defendant failed to raise a substantial question regarding his competency. On that basis, the defendant's second motion for new trial was properly denied.
3. Court room closure. For the first time in his second motion for new trial, the defendant claims that he was denied his right to a public trial when the court room was closed during jury selection. Where, as in this case, the defendant had procedurally waived his public trial claim by failing to raise it at trial, and later collaterally attacks his conviction based on trial counsel's failure to object to a court room closure, the defendant must show prejudice from counsel's performance. See Commonwealth v. LaChance, 469 Mass. 854, 856 (2014) ; Weaver v. Massachusetts, 137 S. Ct. 1899, 1903 (2017). The defendant has failed to do so here. Accordingly, there was no error in the order denying the defendant's second motion for new trial based on the right to a public trial.
Order denying motion to adjudicate motion for reconsideration of first motion for new trial affirmed. Order denying second motion for new trial affirmed.

See Commonwealth v. McHoul, 352 Mass. 544 (1967).

The source of this information is unclear. For purposes of our analysis, we assume that the entry was made by a health care provider after discussion with the defendant.

Klonopin is a high potency sedative and anticonvulsant drug approved for the treatment of epilepsy and panic disorder.