Following a jury trial in the District Court, the defendant, Richard J. Leonard, was convicted of operating a motor vehicle under the influence of liquor (OUI). In a subsequent jury-waived trial, the defendant was convicted of the third offense portion of the charge. More than four years after his conviction, he filed a motion for a new trial, which was denied. On appeal from the order denying his motion, he contends that reversal is warranted because his trial attorney provided ineffective assistance. We affirm.
Background. On the evening of October 14, 2011, Robert Fryns and his twelve year old son were stopped in Fryns's motor vehicle at a stop light in Dracut. As they waited for the light to change, they were struck from behind by a motor vehicle driven by the defendant. Fryns approached the defendant's motor vehicle and noticed that the defendant "seemed a little confused" and "was having a problem rolling down the window." Fryns smelled alcohol from the defendant's motor vehicle.
Dracut police Officer Tyler Gibson responded to the accident scene where he spoke with the defendant. During this conversation, the officer noticed that the defendant had bloodshot, glossy eyes and that his breath smelled of alcohol. He also noted that the defendant spoke in a slurred voice and "fumbled around" for his driver's license after being asked to produce it. Following the defendant's statement that he had recently stopped at a bar and had two beers, Officer Gibson administered two field sobriety tests.[2] Based on the defendant's poor performance on these tests, the smell of alcohol on his breath, unsteadiness on his feet, glossy eyes, and slurred speech, Officer Gibson formed the opinion that the defendant was under the influence of alcohol.
Discussion. The defendant contends that his trial counsel rendered ineffective assistance by failing to adequately investigate his medical condition, "Chronic Obstructive Pulmonary Disease" (COPD), and present evidence at trial thereon. Accordingly, he argues, the judge abused her discretion in denying his motion for a new trial.
Motions for a new trial are committed to the sound discretion of the judge, Commonwealth v. Moore, 408 Mass. 117, 125 (1990), and "are granted only in extraordinary circumstances." Commonwealth v. Comita, 441 Mass. 86, 93 (2004). "Reversal for abuse of discretion is particularly rare where the judge acting on the motion was also the trial judge." Commonwealth v. Schand, 420 Mass. 783, 787 (1995). Where, as here, a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that the behavior of counsel fell below that of "an ordinary, fallible lawyer," and that such failing "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974). See Commonwealth v. Rondeau, 378 Mass. 408, 413 (1979) (in reviewing ineffective assistance claims, appellate courts do not second guess "arguably reasoned tactical or strategic judgments" of counsel, but rather "require that such judgments be 'manifestly unreasonable' " [citation omitted] ); Commonwealth v. Millien, 474 Mass. 417, 432 (2016) (second prong of ineffective assistance test met if there is substantial risk of miscarriage of justice arising from counsel's failure).
In the present case, we discern no abuse of discretion in the judge's denial of the motion for a new trial. The motion judge, who was also the trial judge, found that the defendant's trial counsel "sought a continuance of the jury trial date so he could speak with [the defendant's] treating physician." She also found that "apparently [the treating physician] did not wish to be involved and thus he was not identified as a witness nor did he appear on the trial date." The judge then concluded that counsel had consulted with the medical provider in the "best position to offer testimony regarding the defendant's medical condition," and that "the medical records from less than 4 weeks after the defendant's arrest do not suggest that the defendant had been suffering any symptoms at the time of his arrest."[3] Accordingly, she ruled that the defendant failed to satisfy the first prong of the ineffective assistance of counsel test. We agree with the judge's ruling. On this record there has been no showing that counsel's alleged failure to investigate and pursue a COPD defense was behavior that fell below that of an ordinary, fallible lawyer.
Even assuming, arguendo, that the defendant satisfied the first prong of the ineffective assistance test, he has not demonstrated that the failure to further investigate a COPD defense likely deprived him of an otherwise available, substantial ground of defense. Indeed, there is nothing in the affidavits or medical records proffered in support of his motion that supports the conclusory claim that the defendant's COPD could have caused him to appear intoxicated or to fail the field sobriety tests. See Commonwealth v. Laguer, 410 Mass. 89, 94 (1991) (finding no ineffective assistance where defendant's claims based on counsel's failures were "either predicated on facts that have not been established or are grounded on mere speculation with regard to likely prejudice"). The medical records reveal that the defendant first sought treatment on November 8, 2011, nearly four weeks after the OUI incident. On that date, he complained of a two week old cough and denied experiencing symptoms that could have affected his driving ability on the night of the accident.[4] Moreover, the affidavit of the defendant's proposed expert provides no evidence to the contrary. Although that affidavit explains that persons with COPD can develop a condition that results in the retention of carbon dioxide, which "can be confused with alcohol intoxication," the medical records neither reference high levels of carbon dioxide nor the existence of any symptoms related thereto. Consequently, the defendant's claim lacks tangible evidentiary support and is speculative. Contrast Commonwealth v. Roberio, 428 Mass. 278, 281 (1998) ("A jury that believed the defendant's expert likely would have been influenced to return a verdict of not guilty by reason of insanity").
In sum, this is not a case where we have "serious doubt whether the jury verdict would have been the same had the [COPD] defense been presented." Millien, 474 Mass. at 432. As the judge concluded in her order, trial counsel for the defendant made reasonable strategic decisions, which we will not second guess on appeal.[5] The judge was in a superior position to make such determinations, which were well within her discretion. See Schand, 420 Mass. at 787.[6]
Order denying motion for new trial affirmed.

During the field sobriety tests, which included the "one-legged stand" and the "walk and turn," the defendant was unable to follow basic instructions and was "unsteady on his feet."

The judge noted the absence of any affidavit from trial counsel to support the claims in the motion for a new trial.

According to the medical records, at the November 8, 2011, appointment the defendant denied shortness of breath, wheezing, chest congestion, or chest pain.

The defendant's claim that his trial counsel was ineffective in failing to discuss his right to testify is similarly unavailing. The defendant does not identify in his affidavit what testimony, if any, he would have presented at trial. The claim is speculative and self-serving. See Commonwealth v. Lawrence, 68 Mass. App. Ct. 103, 105-106 (2007) (no ineffective assistance where defendant failed to suggest any potential expert testimony that might have been helpful to her case). See also note 2, supra.

To the extent we do not discuss other arguments made by the defendant, they have not been overlooked. "We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).