The defendant, Paul Johnson, appeals from convictions after a jury-waived trial in the Superior Court of three counts of indecent assault and battery on a child, G. L. c. 265, § 13B, arising out of his molestation of his ten year old niece. Concluding that the judge could believe the victim's testimony and that the prosecutor did not misstate the victim's grandmother's testimony, we affirm.
1. Sufficiency of the evidence. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
The victim testified that, when she was ten years old, the defendant approached her while she was sleeping on a couch at her grandmother's house where she was living at the time. He touched her buttocks, first with his hands and then with his penis. He then touched her vagina with his hands and his penis. Finally, "the tip of [his penis] went in [her] vagina." The victim testified that, the next day, the defendant entered her bedroom. Again, he touched her buttocks with his hands. He then touched her buttocks with his penis "and wiggled it."
The victim's testimony described at least three separate indecent assault and batteries by the defendant. See Commonwealth v. Lawrence, 68 Mass. App. Ct. 103, 104 (2007) ; Commonwealth v. Coates, 89 Mass. App. Ct. 728, 729-730 (2016).[2] The defendant's argument that the victim's testimony cannot support the convictions because it is not credible fails because, "when resolving issues of sufficiency of the evidence, we resolve all issues of credibility in favor of the Commonwealth." Commonwealth v. Sutherland, 93 Mass. App. Ct. 65, 71 (2018). Although there were some inconsistencies in the victim's testimony, "inconsistencies in the testimony of the witnesses[ ] ... go[ ] to the credibility of the witnesses and do[ ] not affect the sufficiency of the evidence." Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 185 (1991).
Similarly unavailing is the defendant's argument that the victim's testimony must be discredited because "she did not yell or scream." Massachusetts courts have rejected "the traditional, albeit outdated, notion that a true victim of sexual assault should raise a 'hue and cry.' " Commonwealth v. Asenjo, 477 Mass. 599, 603 (2017). Moreover, even that outdated notion would have had doubtful application to a child being assaulted by her uncle.
2. Closing argument. "A prosecutor may not misstate evidence or refer to facts not in evidence in a closing argument." Commonwealth v. Goddard, 476 Mass. 443, 449 (2017). Because there was no objection, the defendant's claim regarding the closing argument is waived, and we consider only whether, if we find error, there was a substantial risk of a miscarriage of justice. See Commonwealth v. Rivera, 91 Mass. App. Ct. 796, 801 (2017). Furthermore, because this was a bench trial, "[i]t is entirely reasonable to assume that the trial judge realized that [any misstatements by] the prosecutor[ ] ... did not have evidentiary value." Commonwealth v. Martinez, 67 Mass. App. Ct. 788, 796 (2006).
When asked by the prosecutor whether the defendant was living in her home in 2012, the victim's grandmother testified, "He used to visit my daughter [his wife] at my house but he never lived at my house." Later, when asked by the prosecutor whether her daughter (the defendant's wife) was living with her in 2012, the victim's grandmother stated, "She was staying with me at the time, yes.... [The defendant] was staying at his sister's at the time."[3] The victim, by contrast, testified that the defendant lived in her grandmother's house at the time of the assaults.
In closing argument, the prosecutor argued that the victim's version made sense, because a married couple would be expected to live together. She acknowledged that the grandmother "said he never stayed there," but argued that this testimony made no sense.
The defendant argues that the prosecutor misstated the grandmother's testimony. The prosecutor's argument, however, was based on a fair construction of the grandmother's testimony. The grandmother's testimony that the defendant never lived at her house and stayed at his sister's house could fairly be interpreted as asserting that the defendant never stayed at her house. See Commonwealth v. Vasquez, 478 Mass. 443, 451 (2017), quoting from Commonwealth v. Grimshaw, 412 Mass. 505, 510 (1992) ("In closing argument, counsel may argue the evidence and the fair inferences which can be drawn from the evidence"). That the grandmother's testimony could also be fairly interpreted in other ways does not show misconduct, as each party is allowed to marshal the evidence in its favor. See Commonwealth v. Rakes, 478 Mass. 22, 45 (2017).
Judgments affirmed.

Indeed, the evidence appeared to provide sufficient evidence of rape. See Commonwealth v. Centeno, 87 Mass. App. Ct. 564, 567 (2015) ("The element of penetration can be established by evidence that the defendant's penis touched or came into contact with the victim's vagina, vulva, or labia").

The defendant's wife and sister similarly testified that the defendant (and not his wife) lived with his sister in 2012. The sister testified that, approximately every other weekend, the defendant would sleep with his wife at the victim's grandmother's house. The wife testified that when she was living with her mother in 2012, the defendant "used to come over to the house from time to time." The victim described the assaults as occurring during the week.