NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-199

COMMONWEALTH

vs.

WENBO LIU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a District Court trial, a jury convicted the defendant of three counts of indecent assault and battery, rejecting his alibi defense.  Thereafter, represented by new counsel, the defendant moved for a new trial, asserting as relevant here that trial counsel was ineffective in failing to introduce expert evidence to counter a weakness in the alibi.  A judge other than the trial judge denied the motion, and the defendant appealed.  We conclude that, regardless of whether trial counsel's performance was deficient, it did not cause the

defendant sufficient prejudice to warrant a new trial.  We therefore affirm the order denying the motion.[1]

Background.  1.  Trial.  The defendant was charged with indecent assault and battery of a twenty year old woman who rented a room in his home.  The alleged unconsented touchings of the victim's buttocks, breast, and vagina occurred during the night of July 25-26, 2017; the victim estimated that they occurred at 12:40 A.M.  Because there was no physical evidence of the offenses, the trial was largely a credibility contest.  The defendant offered an alibi defense, testifying that he was on a lengthy FaceTime video call with his fiancé in California, discussing their wedding plans, from about 11:50 P.M. until 2:20 A.M.  His fiancé testified to the same effect.[2]

Asked whether he could document the occurrence of the FaceTime call, the defendant testified that he could not, because after "30 day[s] or three months you won't be able to find the history of your FaceTime records."  Thus, he said, because he had not learned of the charges against him until November 2017, which was four months after the alleged assaults, he was unable to retrieve a record of the call.  His fiancé

---

[1] The appeal was consolidated with the defendant's direct appeal from his convictions, but the defendant makes no separate argument concerning the direct appeal, and therefore we affirm the judgments of conviction.

[2] By the time of trial, the defendant and his fiancé had married.  For clarity we refer to her as his fiancé throughout.

likewise testified that she had looked for a record of their FaceTime call that November but could not find any. On her laptop computer, an Apple MacBook she had used for the call, she found FaceTime records only for the preceding three months.[3]

On cross-examination, the defendant testified that his MacBook computer from which he had made the FaceTime call retained a call log "for the past one month or something like that," and that he had tried to retrieve the log but did not succeed. He understood "from the Apple page" that the log remained for only one month, and he maintained that the call log disappeared "automatically" after thirty days, or at least by the time he learned of the charges. This deletion was accomplished, in his words, "not [by the] computer, it's the system, the Apple system." He denied ever having intentionally deleted any call logs.

In the Commonwealth's closing argument, the prosecutor stated that there was no record of the FaceTime call -- only the defendant's and his fiancé's testimony that it occurred -- and suggested that the call never happened. The Commonwealth urged

---

[3] We acknowledge the defense evidence, supported by records, that the defendant and his fiancé communicated through e-mail at 12:20 A.M., and through the WeChat messaging application between 11:31 and 11:35 P.M. and again between 12:45 and 12:50 A.M. The Commonwealth argued that this evidence nevertheless left "critical gaps" during which time the defendant could have committed the offenses. The occurrence of the FaceTime call was therefore critical to the alibi defense.

3

the jury not to believe the alibi defense and instead to believe the victim.  The jury returned verdicts of guilty on all three charges.

2.  <u>Motion for new trial</u>.  In 2023, the defendant moved for a new trial, alleging that trial counsel was ineffective in failing to introduce expert evidence explaining why no records of the July 2017 FaceTime call were available from Apple when the defendant and his fiancé looked in November.  The defendant argued that such evidence would have shown "his failure to present records was not evidence of fabrication but it was simply unavoidable based on the nature of how FaceTime works." In support of the motion, the defendant offered an affidavit from a digital forensic analyst asserting that, in November 2017, Apple's policy with respect to law enforcement requests to Apple for users' FaceTime records was in relevant part as follows:

> "Apple has FaceTime call invitation logs when a FaceTime call invitation is initiated.  These logs do not indicate that any communication between users actually took place. FaceTime call invitation logs are retained up to 30 days. FaceTime call invitation logs, if available, may be obtained with an order under 18 U.S.C. § 2703(d) or court order with the equivalent legal standard or search warrant."

The affidavit further asserted that Apple maintained no records of the duration of any such calls.  The affidavit therefore stated that FaceTime call invitation logs pertaining to calls

4

made in July 2017 would not have been available through Apple in November 2017, nor would any records of the duration of such calls have been available from Apple since no such records were maintained.  Finally, "in an effort to confirm these findings," the expert, using the defendant's credentials, logged into Apple's server to search for backup files from the defendant's device(s) that would reflect FaceTime calls and found that no such files were available from the defendant's account.

A motion judge held an evidentiary hearing, at which the expert testified consistently with his affidavit and stated that he would have so testified if called as a witness at trial.[4]  On cross-examination, the expert agreed that his trial testimony would have been limited to what records would have been available in November 2017 from Apple.  He agreed that he could not have testified about whether there would have been records of the July 2017 FaceTime call on the defendant's and his fiancé's devices themselves, unless he had been "consulted back then, as to the analysis of those devices," which he had not been.  The expert further agreed that his testimony "could neither support nor negate whether or not a FaceTime call actually occurred."

---

[4] Trial counsel also testified, stating that the defense team had never considered obtaining an expert to testify regarding the unavailability of FaceTime call records from Apple, and that the failure to do so was not a strategic decision.

The judge denied the motion for a new trial, concluding as relevant here that the expert evidence "would not have advanced the alibi defense" but "would only have confirmed the absence of evidence corroborating the alibi." Although such evidence "may have blunted one aspect of the Commonwealth's cross-examination" -- its suggestion that if a FaceTime call had occurred, there would have been records -- it did not deprive the defendant of an otherwise available ground of defense.

Discussion. On appeal of a ruling on a motion for a new trial, we review for "a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Where the motion judge did not preside at trial, "we regard ourselves in as good a position as the motion judge to assess the trial record" (citation omitted). Commonwealth v. Cameron, 473 Mass. 100, 104 (2015). To prevail on a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer" and "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant must show that "better work might have accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977). Here, we pass over

6

the performance prong of the inquiry, because we conclude that in any event the defendant has not shown sufficient prejudice.

The defendant asserts prejudice from trial counsel's failure to offer evidence to counter what the defendant characterizes as one of the two obvious weaknesses in the alibi defense. First, there was no documentation of the FaceTime call, allowing the Commonwealth to argue that the defendant's and his fiancé's testimony about the call should not be believed and that the call never occurred. Second, there was no explanation for that lack of documentation, other than the testimony of the defendant and his fiancé that they had looked for documentation four months after the call occurred but were unable to find any. The Commonwealth sought to discredit that testimony in its cross-examination. Focusing on this second weakness, the defendant argues that it was critical for an expert to explain to the jury why there was no documentation, "especially in this day and age when everybody expects that everything in the world is documented, especially things that happen online."

But this was not a failure to present the alibi defense, nor even a failure to present evidence that tended to prove the alibi defense. Rather, it was a failure to present evidence to blunt one of two attacks on the defense. Explaining the lack of any record of the call would not have shown that the call

7

occurred.  At most it would have bolstered the credibility of the defendant's and his fiancé's testimony about why no record existed.  The defendant cites no case where the failure to present evidence shoring up a subsidiary aspect of a defense has been held sufficiently prejudicial to support an ineffective assistance claim.[5]

Moreover, and critically, the expert's evidence would have responded only to a small part of the Commonwealth's attack. The expert could have supported the defendant's testimony about why no record of the call would have been available from Apple in November 2017.[6]  But he could not have testified about whether there would have been records of the July 2017 FaceTime call on the defendant's and his fiancé's devices themselves.

---

[5] The cases the defendant cites are easily distinguishable. See Commonwealth v. Diaz Perez, 484 Mass. 69, 71-75 (2020), abrogated on other grounds by Commonwealth v. Tavares, 491 Mass. 362, 365 (2023) (evidence placing defendant elsewhere when shooting occurred); Commonwealth v. LaBrie, 473 Mass. 754, 771-773 (2016) (evidence that defendant's conduct reflected something other than intent to kill); Commonwealth v. Farley, 432 Mass. 153, 156-157 (2000), S.C., 443 Mass. 740, cert. denied, 546 U.S. 1035 (2005) (evidence supporting third-party culprit defense); Commonwealth v. Roberio, 428 Mass. 278, 279-280 (1998), S.C., 440 Mass. 245 (2003) (failure to investigate defense of lack of criminal responsibility).

[6] Even if such records had been available, the expert agreed that they would have shown only whether a user had initiated a FaceTime call invitation -- not whether it had been accepted, or, if so, how long the resulting call lasted.  Thus, the expert agreed that his testimony "could neither support nor negate whether or not a FaceTime call actually occurred."

Yet that was the Commonwealth's main point regarding call records: that the defendant failed to explain why, if the FaceTime call occurred, there was no log on his or his fiancé's MacBook computers showing the call. The Commonwealth's focus was not on challenging the defendant's testimony about why he could not obtain records from Apple. Instead, the Commonwealth cross-examined the defendant about the existence of a log of the call "[o]n the computer itself," in "[t]he actual windowpane where the logs are displayed." The defendant answered that although he had checked the log, it automatically disappeared after thirty days, but he also expressed some uncertainty about that issue,[7] and he insisted that automatic deletion was accomplished "not [by the] computer, it's the system, [the] Apple system." He was likewise uncertain about whether the source of his information that no log of the call existed was what he saw on his computer or instead "the Apple page." The Commonwealth repeatedly asked whether the defendant had ever deleted any such call log from his device, which the defendant denied doing, at least intentionally.

The expert's testimony would not have addressed this issue. He could not opine on whether there would have been records of

_____

[7] "Q.: So you don't know if these automatically delete then, do you?

"A.: No, I -- I didn't find them."

9

the July 2017 FaceTime call on the defendant's and his fiancé's devices themselves, because he had not been "consulted back then [i.e., prior to trial], as to the analysis of those devices." Even if he had testified, we see nothing in the Commonwealth's closing argument that the Commonwealth could not have argued with equal force notwithstanding that testimony.

In short, the absence of the expert testimony did not "deprive[] the defendant of an otherwise available, substantial ground of defence." Saferian, 366 Mass. at 96. Nor are we persuaded that offering that testimony "might have accomplished something material for the defense." Satterfield, 373 Mass. at

115.  The judge therefore did not err or otherwise abuse her discretion in denying the motion for a new trial.

<u>Judgments affirmed</u>.

<u>Order denying motion for a new trial affirmed</u>.

By the Court (Sacks, Shin & Hershfang, JJ.[8]),

*Paul Little*

Clerk

Entered: December 16, 2024.

---

[8] The panelists are listed in order of seniority.

11