COMMONWEALTH *vs.* MARSHA COMITA.

Essex. December 4, 2003. - February 19, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Motor Vehicle,* Operating under the influence. *Constitutional Law,* Assistance of counsel, Investigatory stop. *Search and Seizure,* Warrant. *Practice, Criminal,* Assistance of counsel, New trial.

Discussion of the burden of proof where a motion for a new trial is based on ineffective assistance of counsel in the search and seizure context. [90-91]

Discussion of the burden of proof where a motion to suppress evidence on the ground of a warrantless stop is filed prior to trial. [91]

This court concluded that where a defendant's new trial motion claiming ineffective assistance of counsel for failing to file a motion to suppress evidence on the ground of a warrantless stop established a viable claim, the defendant, as part of her burden to prove that there was a likelihood that she would have prevailed on a timely filed motion to suppress, was also required to prove that, had such motion been timely filed, the Commonwealth would not have been able to prove that a warrantless stop was constitutional. [91-94]

A Superior Court judge did not abuse his discretion in denying a criminal defendant's motion for a new trial based on ineffective assistance of counsel for failing to file a motion to suppress evidence on the ground of a warrantless stop, where the defendant was not able to establish that the Commonwealth would not have been able to prove its case at the time a motion to suppress should have been filed. [94-95]

INDICTMENTS found and returned in the Superior Court Department on February 28, 1996.

The case was tried before *Howard J. Whitehead,* J., and a motion for a new trial, filed on July 6, 2000, was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Estera Halpern* for the defendant.

*James A. Janda,* Assistant District Attorney, for the Commonwealth.

IRELAND, J. In 1998, a Superior Court jury convicted the defendant of operating a motor vehicle while under the influ-

ence of alcohol.[1] After the defendant waived her right to a jury trial on the third and subsequent offense of driving while under the influence, a Superior Court judge found her guilty and sentenced her to from two years to two years and one day at the Massachusetts Correctional Institution at Framingham, which she has served.

The defendant appeals from the trial judge's denial of her July 6, 2000, motion for a new trial on grounds of ineffective assistance of counsel.[2] In her motion, the defendant argued that her attorney was ineffective for failing to file a motion to suppress evidence on the ground that the police officer who stopped her motor vehicle lacked the requisite reasonable suspicion to do so. We transferred the case here on our own motion.

This case involves the intersection of two different burdens of proof that typically arise at two different stages of criminal proceedings: the Commonwealth's burden to prove the validity of a warrantless stop pursuant to a timely filed pretrial motion to suppress evidence and the defendant's burden to prove ineffective assistance of counsel for failing to file a motion to suppress in a postconviction motion for a new trial. We conclude that where the defendant's new trial motion has shown a viable basis for a motion to suppress, as part of the defendant's burden to prove that there was a likelihood that she would have prevailed, she also must prove that, had such a motion been timely filed, the Commonwealth would not have been able to prove that a warrantless stop was constitutional. Because the defendant in this case did not meet her burden of proving that the Commonwealth would have been unable to establish that the warrantless stop was constitutional, the judge did not abuse his discretion in denying the defendant's motion for a new trial.

*Background and Facts.*

We recite the relevant procedure, as well as relevant facts elicited both at trial and at the hearing on the defendant's motion for a new trial.

Gary Jernegan, an Ipswich businessman and former Wenham police officer, testified that, on the evening of October 10, 1995,

---

[1] The jury found the defendant not guilty of leaving the scene of an accident.

[2] Although the defendant appealed from her conviction, her brief argues error only in the denial of the motion for a new trial.

he was working in his sign shop across the street from the Ipswich town hall when he heard the sound of a motor vehicle accident. He looked out his window and noticed a small gray car, with two women in it, very close to a car parked outside the town hall. He telephoned the police and said there had been a hit and run accident. He also saw the car drive off northbound on Route 1A. Shortly thereafter, an Ipswich police officer met Jernegan near the minimally damaged vehicle.

Officer Alice Moseley of the Ipswich police was notified by the police dispatcher that a gray or silver Mazda automobile with a New Hampshire registration plate number was proceeding north on Route 1A. She saw the vehicle and radioed the dispatcher to confirm the registration. At the time she spotted the vehicle, the driver was not driving in an unsafe manner.[3] Moseley pulled the vehicle over and, while she was still sitting in her cruiser reporting to the dispatcher, saw the driver of the car (the defendant) change seats with the passenger. The details of what happened after the stop are not important to our analysis. Following some field sobriety tests, the defendant was arrested and brought to the Ipswich police station for booking.

No evidence was presented at trial as to how the dispatcher acquired the information he put out to Moseley or what he knew about the person who provided that information. There also was no evidence concerning when the dispatcher received his information relative to the time the Ipswich police officer went to the scene of the accident to meet Jernegan, or what Jernegan might have said to the officer.

Two attorneys represented the defendant at the trial level. The first attorney, who withdrew before trial at the defendant's request, had filed a motion to suppress statements,[4] but had not filed a motion to suppress evidence based on the warrantless stop. At trial, the second attorney did not file a motion to suppress evidence from the stop.

After the defendant was convicted, she timely filed a notice

---

[3]There was no testimony as to whether there was any visible damage to the car the defendant was driving that would have indicated that it had been in an accident.

[4]At trial, the defendant's new attorney waived the motion to suppress statements.

of appeal, but the appeal was stayed pending filing and disposition of the defendant's motion for a new trial. (The appeals were ultimately consolidated in the Appeals Court.) The motion for a new trial asserted that the defendant received ineffective assistance of counsel because her attorney failed to file a motion to suppress evidence from the warrantless stop of the car the defendant was driving. After a preliminary hearing on the motion, the judge ordered a full evidentiary hearing because he was concerned that relying on trial testimony alone could be an unfair disadvantage to either party, depending on where the burden of proof would lie.[5]

By the time the evidentiary hearing was held in 2001 — over five years after the incident — memories, understandably, had faded. Jernegan did not even recall the exact color of the vehicle the defendant was driving: he said it was blue or gray. He stated that he did not have anything of substance to add to his trial testimony because of the passage of time, but that, as a former Wenham police officer, vehicle makes, models, and registration numbers would have been important to him. He also stated that he knew, by name, both the dispatcher who issued the dispatch to Officer Moseley and the officer who responded to the scene of the accident. However, he did not know who was on the telephone at the police station the night he reported the accident.[6]

The dispatcher believed he was at his post on the night of the accident. There was a log entry regarding an accident, but there were few details.[7] The dispatcher said that the lack of detail in the log did not mean that other information was not available.

Officer Moseley recalled that she received a registration plate number from the dispatcher and that she confirmed the number before she pulled the car over.

---

[5]The judge directed that the following issues be among those addressed: "(1) What information was conveyed to the police by the parties who reported the subject collision? (2) What was the totality of the information on which the stop of the defendant was based? (3) What factual considerations were involved in trial counsel's decision not to pursue the motion to suppress?"

[6]At the hearing, Jernegan was not even certain that he made the telephone call to police or whether he directed his coworker to do so, although he said it was his "gut feeling" that he did.

[7]The judge stated that the police log showed that at 7:36 P.M., a hit and run collision occurring at 30 South Main Street (Route 1A) was reported by a telephone call originating from the general area of the Ipswich town hall.

Both of the defendant's trial attorneys also testified at the motion hearing. The defendant's first attorney could not recall why she had not filed a motion to suppress. The defendant's second attorney's memory had faded, but he did recall that, a couple of weeks before trial, he contacted Jernegan by telephone.[8] The attorney recalled, generally rather than specifically, that Jernegan told him that he had observed the registration plate number of the vehicle involved in the accident. The attorney stated that after his discussion with Jernegan, and his review of the file and grand jury minutes, he concluded that there were no grounds on which to file a motion to suppress. A successful motion to suppress would have been dispositive of the driving while under the influence charge.

*Discussion.*

1. *Burden of proof where ineffective assistance of counsel in the search and seizure context is claimed.* Where a motion for a new trial is based on ineffective assistance of counsel, the defendant bears the burden of proving entitlement to a new trial by showing that the behavior of counsel fell below that of an ordinary, fallible lawyer and that such failing "likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96-97 (1974), and cases cited. See *Kimmelman* v. *Morrison,* 477 U.S. 365, 375 (1986) (defendant must show "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). "The failure of counsel to litigate a *viable* claim of an illegal search and seizure is a denial of the defendant's Federal and State constitutional right to the effective assistance of counsel." *Commonwealth* v. *Pena,* 31 Mass. App. Ct. 201, 204, 207 (1991), citing *Kimmelman* v. *Morrison, supra* at 382-383 (Commonwealth entitled to evidentiary hearing where evidence supports defendant's claim of ineffective assistance of counsel for failure to file motion to suppress). See *Commonwealth* v. *Fletcher,* 52 Mass. App. Ct. 166, 168-169 (2001). Cf. *Commonwealth* v. *Conceicao,* 388 Mass. 255, 264 (1983) (in motion for new trial context, "[i]t is

---

[8]His recollection that he specifically spoke to Jernegan was equivocal: he stated that he spoke either to Jernegan or another employee at the store, but believed it was Jernegan.

not ineffective assistance of counsel when trial counsel declines to file a motion with a minimal chance of success"). However, in order to prevail on an ineffective assistance of counsel claim on the ground of failing to file a motion to suppress, the defendant has to demonstrate a likelihood that the motion to suppress would have been successful. See *Commonwealth* v. *Lykus*, 406 Mass. 135, 142-143 (1989); *Commonwealth* v. *Conceicao*, *supra* at 264; *Commonwealth* v. *DiPietro*, 35 Mass. App. Ct. 638, 640 (1993), and cases cited.

2. *Burden of proof where motion to suppress is filed prior to trial.* Where a defendant files a pretrial motion to suppress evidence on the ground of a warrantless stop, the burden is on the Commonwealth to show that the stop was constitutional: that police had reasonable suspicion, *Commonwealth* v. *Watson*, 430 Mass. 725, 729-731 (2000), before pursuit began, that "a person has committed, is committing or about to commit a crime." *Id.* at 729, quoting *Commonwealth* v. *Silva*, 366 Mass. 402, 405 (1974). See *Terry* v. *Ohio*, 392 U.S. 1 (1968); *Commonwealth* v. *Lyons*, 409 Mass. 16, 19 (1990), quoting *Commonwealth* v. *Wren*, 391 Mass. 705, 707 (1984) (reasonable suspicion "must be 'based on specific, articulable facts and reasonable inferences' "). Moreover, where the police rely on a third party to establish reasonable suspicion, both the informant and the basis of the informant's knowledge must be shown to be reliable. See *Commonwealth* v. *Cheek*, 413 Mass. 492, 494-497 (1992) (where police rely on radio bulletin as basis for warrantless stop, Commonwealth must show that informant providing tip was reliable); *Commonwealth* v. *Fraser*, 410 Mass. 541, 546 (1991) (police radio bulletin alone would not justify search but with other factors may constitute reasonable suspicion); *Commonwealth* v. *Lyons*, *supra* at 20-22 (stop based on anonymous informant's tip improper where informant's reliability and basis of knowledge not established); *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 55 (1974). "Independent police corroboration may make up for deficiencies" concerning whether an informant or informant's knowledge is reliable. *Commonwealth* v. *Lyons*, *supra* at 19.

3. *Burden of proof in the context of the instant case.* No case

has directly addressed where the burden lies when the issue of the warrantless stop is raised after trial in a motion for a new trial claiming ineffective assistance of counsel for failing to file a motion to suppress, and the defendant, having established a viable claim, is attempting to prove that there was a likelihood that the motion would have succeeded.[9]

The defendant argues that the judge erred in shifting the burden of proof to the defendant to prove, essentially, a negative: that the Commonwealth could not have established the legality of stop. She argues that she should not be given an additional hurdle to clear just because her right to effective assistance of counsel was violated earlier in a proceeding,[10] especially where the delay in filing the motion for a new trial was not intentional. We disagree.

For purposes of the present case, we will assume (without deciding) that the defendant had a potentially viable basis for a motion to suppress, such that counsel's failure to file the motion

---

[9]Where the evidence was strong, this court has determined whether motions to suppress would have succeeded. See, e.g., *Commonwealth* v. *Lykus*, 406 Mass. 135, 140-143 (1989) (assessing whether police had reasonable suspicion to order wiretap to hold that motion to suppress would have been unsuccessful); *Commonwealth* v. *Conceicao*, 388 Mass. 255, 264-265 & n.4 (1983) (assessing evidence of process involved in photographic identification to hold that motion to suppress would have been unsuccessful). See also *Commonwealth* v. *DiPietro*, 35 Mass. App. Ct. 638, 641-643 (1993) (assessing knowledge and veracity of confidential informant to hold that motion to suppress would have been unsuccessful).

In other cases an evidentiary hearing was ordered to determine whether there was a constitutional basis for a warrantless stop, but the cases do not discuss the burden of proof. See, e.g., *Kimmelman* v. *Morrison*, 477 U.S. 365, 390-391 (1986) (State entitled to evidentiary hearing to establish legality of warrantless search, where counsel found to be incompetent); *Commonwealth* v. *Pena*, 31 Mass. App. Ct. 201, 207 (1991) (in reviewing denial of motion for new trial, evidentiary hearing ordered so Commonwealth would have opportunity to produce evidence to justify warrantless search, where counsel's failure to file motion to suppress not reasonable).

[10]In so arguing, she relies on *Rodriquez* v. *United States*, 395 U.S. 327 (1969). However, the *Rodriquez* case is inapposite. It concerns the denial of a right to appeal and holds that courts cannot make defendants show likelihood that the appeal will be successful. *Id.* at 344. The *Rodriquez* case does not concern the allocation of the burden of proof in an ineffective assistance of counsel claim.

fell below the standard of an ordinary, fallible lawyer.[11] We then turn to the second part of the *Saferian* test for ineffective assistance of counsel, whether the defendant would have prevailed on a motion to suppress, and conclude that the defendant also must prove that, had such a motion been timely filed, the Commonwealth would not have been able to prove that a warrantless stop was constitutional. The *Saferian* test leads to this result. In addition, several legal principles support our conclusion that the defendant bears the burden of proof in this context. In a motion for a new trial, the burden is on the defendant to prove facts that are "neither agreed upon nor apparent on the face of the record." *Commonwealth* v. *Bernier*, 359 Mass. 13, 15 (1971); *Commonwealth* v. *Schlieff*, 5 Mass. App. Ct. 665, 669 (1977). In posttrial proceedings, the defendant bears the burden to rebut the presumption that she had a fair trial. *Commonwealth* v. *Lopez*, 426 Mass. 657, 660-661 (1998).[12] Motions for a new trial are granted only in extraordinary circumstances, *Commonwealth* v. *Amirault*, 424 Mass. 618, 645-647 (1997), and it would be unfair to put the burden of proof on the Com-

---

[11]It appears that, based on his interview of Jernegan at the time, trial counsel was satisfied that Jernegan had supplied sufficient information to the police and that Jernegan would pass muster as a reliable informant. However, precisely because of the faded memories of counsel, Jernegan, and the dispatcher, it is difficult to reconstruct the specific information on which trial counsel made that assessment and, therefore, impossible to determine whether counsel's assessment was sound.

[12]The circumstances in this case are, by analogy, similar to the circumstances in *Commonwealth* v. *Lopez*, 426 Mass. 657 (1998). There, the defendant filed a motion in 1995 to withdraw guilty pleas he entered in 1976, 1979, 1982, and 1985. *Id.* at 658. The court said:

"The burden is ordinarily on the Commonwealth to show that the challenged guilty plea was understandingly and voluntarily made. . . . If the contemporaneous record of the plea proceedings is unavailable, 'it may be reconstructed through testimony or other suitable proof of what happened in court when the guilty plea was taken.' . . . A far different situation exists, however, when the defendant leaves his guilty pleas unchallenged for a lengthy period of time, so that the contemporaneous record of the plea is lost (by proper destruction of the stenographer's notes or erasure of the tape recording pursuant to court rules), and means of reconstruction are made impractical or impossible due to the death or retirement of judges and court reporters, the unavailability of witnesses, the inherent weaknesses and failures of recollection, and other factors commonly associated with the passage of

monwealth because the predictable consequences of delay — destroyed records or failed memories — would mean that, post-trial, the dispute would more likely be resolved in favor of the defendant, and the longer the defendant delayed, the more likely that would be the result. See *id.* at 637; *Commonwealth* v. *De-Marco*, 387 Mass. 481, 485-486 (1982).

There will, of course, be times where the still available evidence is sufficient to assess the likely outcome of a timely filed motion to suppress. In such situations, the court can then determine whether the failure to file the motion deprived the defendant of any substantial ground of defense. However, as here, where evidence that would have been available for a timely filed motion is no longer available due to the passage of time, one cannot determine what the likely outcome of a timely filed motion would have been. In that situation, a defendant has not shown that counsel's failure to file the motion was of any consequence at all, let alone met the burden of showing that counsel's failure to file the motion deprived her of "a substantial ground of defence." *Commonwealth* v. *Saferian, supra* at 96. Thus, in dealing with such a motion for a new trial, where the evidence is not available and cannot be reconstructed, it is appropriate to require the defendant to establish that the Commonwealth could have not have met its burden on a timely filed motion to suppress.

4. *Denial of the motion for a new trial.* After considering the evidence, the judge decided that the defendant did not meet her burden to show that the motion to suppress likely would have succeeded. As he stated, the defendant was able to prove only that, in 2001, over five years after the incident, the Commonwealth could not prove the reliability of the information that was conveyed to the dispatcher; the defendant was not able to establish whether the Commonwealth would have been able to prove its case at the time a motion to suppress should have been filed. Indeed, the defendant herself does not challenge the

time." (Citations omitted.)

*Id.* at 660-661, quoting *Commonwealth* v. *Quinones*, 414 Mass. 423, 432 (1993). The court distinguished the situation in the *Lopez* case from cases where a record exists or has been reconstructed, and placed the initial burden on the defendant to rebut the presumption of regularity. *Id.* at 661, 665.

judge's conclusion that she did not prove that the Commonwealth could not have proved, at the appropriate time, that the stop was constitutional. Accordingly, the judge did not abuse his considerable discretion in denying the motion for a new trial. See, e.g., *Commonwealth* v. *Moore*, 408 Mass. 117, 125 (1990).

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*