After a jury trial in the Superior Court, the defendant, Michael Badger, was convicted of statutory rape of a child, rape of a child by force, and two counts of indecent assault and battery on a child under fourteen.[2] On appeal, he contends that the judge erred in denying his motion for new trial because trial counsel rendered ineffective assistance. We affirm.
Background. The defendant began dating the victim's mother in 2005 when the victim was approximately four or five years old. He subsequently moved into the mother's apartment, and all three later moved to a different residence in a different town. At trial, the victim described myriad instances of sexual abuse that occurred in both homes when she was between five and nine years old.[3] She testified that the defendant did "inappropriate things" to her which involved him "licking [her] privates and making [her] touch his privates."[4] According to her mother, the victim said that she did not disclose any of the abuse because the defendant threatened to kill her mother "[i]f she ever told anybody that he did what he did."
The defense theory was that the crimes never occurred. Through the defendant's testimony and cross-examination by his counsel, the defense (1) sought to show inconsistencies between the victim's testimony and her interview with the police; (2) elicited that the defendant did not spend significant time alone with the victim; and (3) elicited that the mother observed nothing in the defendant's relationship with the victim that gave her concern during the time period in question.
Following trial, appellate counsel filed a motion for a new trial. The trial judge held a two-day evidentiary hearing and denied the motion in a written decision. The appeal of the denial of the motion for new trial was consolidated with the defendant's appeal from his convictions.
Discussion. The defendant argues that the judge abused her discretion in denying his motion for new trial because trial counsel failed to call three individuals as witnesses at trial, erred in her closing argument, failed to object to inadmissible vouching testimony elicited by the Commonwealth, failed to elicit helpful impeachment evidence, and failed to seek production of the victim's counselling records. He maintains that this combination of failures deprived him of effective assistance of counsel.[5]
Motions for a new trial are committed to the sound discretion of the judge, Commonwealth v. Moore, 408 Mass. 117, 125 (1990), and "are granted only in extraordinary circumstances," Commonwealth v. Comita, 441 Mass. 86, 93 (2004). "Reversal for abuse of discretion is particularly rare where the judge acting on the motion was also the trial judge." Commonwealth v. Schand, 420 Mass. 783, 787 (1995). Where, as here, a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that the behavior of counsel fell below that of an ordinary, fallible lawyer and that such failing "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974). See Commonwealth v. Rondeau, 378 Mass. 408, 413 (1979) (courts will not second guess arguably reasoned tactical or strategic judgments of a lawyer, but rather require showing that such counsel's judgments were "manifestly unreasonable" [quotation omitted] ); Commonwealth v. Millien, 474 Mass. 417, 432 (2016) (second prong of ineffective assistance test met if there is substantial risk of miscarriage of justice arising from counsel's failure).
In her comprehensive decision denying the motion for a new trial, the motion judge, who was also the trial judge, found that the decision not to call certain witnesses was not manifestly unreasonable when made. We agree. The proposed testimony of Jill Ciccio, to the effect that the victim was quiet, reserved, and obedient, would not have contributed materially to the defense. To the contrary, as the judge found, it could equally have led the jury to believe that the victim was susceptible to submitting to the defendant's demands. Ciccio's testimony would otherwise have been cumulative of the mother's testimony, and thus the failure to elicit it does not rise to the level of ineffective assistance. See Commonwealth v. Britto, 433 Mass. 596, 602 (2001). Likewise, the decision not to call Herbert Reakes as a witness did not constitute ineffective assistance. The judge, who observed Reakes's testimony at the motion for new trial hearing, found that "[h]e is not a credible witness." Additionally, Reakes had previously been stabbed by the defendant, and knew that he was an alcoholic. Reakes therefore would have been subject to powerful impeachment evidence, which would not have assisted the defense. Thus, the record supports the judge's determination that Reakes's testimony would not have helped the defendant. Finally, the decision not to call Vanessa Cucinotta did not constitute ineffective assistance. Cucinotta's proposed testimony regarding the defendant's good character could have opened the door to substantial impeachment evidence, including the defendant's prior criminal convictions, as detailed in the judge's decision. See Commonwealth v. Montanino, 27 Mass. App. Ct. 130, 136 (1989).
The defendant also contends that his counsel was ineffective for failing to elicit that the mother had obtained an abuse prevention order against him in April of 2010. We disagree. Such evidence would have been a double-edged sword. While it might have served as evidence of the mother's bias, it also could have negatively influenced the jury's view of the defendant, and enabled the Commonwealth to present evidence that the defendant had immediately violated the abuse prevention order. Moreover, decisions involving whether, when, and how to impeach a witness are tactical and left to the discretion of trial counsel. See Britto, supra at 603. The decision not to raise the existence of collateral matters involving an abuse prevention order was not manifestly unreasonable. See Rondeau, 378 Mass. at 413.
Finally, even assuming that trial counsel should have sought the production of the victim's counselling records, the defendant has not demonstrated that the attorney's failure to do so deprived him of an otherwise available substantial ground of defense. The defendant contends that the records revealed that the victim only participated in two counselling sessions after she disclosed the sexual abuse. He posits that this information would have been powerful impeachment evidence. We disagree. The claim is speculative and, as the judge found, the defendant "has failed to show that the counsel[l]ing records, if available at trial, would have materially aided his defense." See Commonwealth v. Salinger, 76 Mass. App. Ct. 776, 785 (2010). We discern no abuse of discretion in the judge's determination.
In sum, this is not a case where we have "serious doubt whether the jury verdict would have been the same had the defense[s] been presented." Millien, 474 Mass. at 432. As the judge concluded in her thorough findings and rulings, trial counsel for the defendant made reasonable strategic decisions, which we will not second guess on appeal. The judge was in a superior position to make such determinations, which were well within her discretion. See Schand, 420 Mass. at 787.[6]
Judgments affirmed.
Order denying motion for new trial affirmed.

The jury returned a not guilty verdict on a second count of statutory rape of a child.

The victim was twelve years old when she testified at trial.

The victim testified, inter alia, that she touched the defendant's penis with her hands and her mouth; that he had her lick his "private"; that when she touched his penis, a substance came out that "was like a liquid and it was almost white"; that he performed oral sex on her and held her legs apart; that he told her to get lotion from the closet near the bathroom and had her rub it on his back, chest, thighs, and penis; and that she repeatedly asked him to stop, but he ignored her.

The defendant makes no separate argument in connection with his direct appeal of the judgments.

For the reasons delineated in the judge's decision and order denying the motion for new trial, we are unpersuaded by the defendant's contention that a single mistake in trial counsel's closing argument constituted ineffective assistance of counsel. As the judge explicitly found, the single misstatement-that the victim was unable to describe the defendant's "private area"-did not rise to the level of serious incompetence or inattention, and did not deprive the defendant of a substantial ground of defense, particularly in view of the judge's clear instructions that closing arguments are not evidence. Likewise, the alleged failure to object to one question by the prosecutor at trial did not rise to the level of ineffective assistance, particularly where trial counsel could have viewed the impropriety as inconsequential. Neither alleged shortcoming, viewed in isolation or in the context of the entire trial, deprived the defendant of an otherwise available substantial ground of defense. See generally Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).