The defendant appeals from an order denying his motion to withdraw his guilty plea. The motion claimed ineffective assistance of counsel for (1) failure to investigate and advise the defendant regarding a motion to suppress, and (2) failure to properly advise him of the immigration consequences of his guilty plea pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010). We affirm.
Background. We summarize the relevant background. Massachusetts State police troopers stopped a Pontiac Bonneville driven by the defendant for operating erratically at a high rate of speed on Interstate 93. Jennifer Torres, the defendant's girl friend, was a passenger. Neither the defendant nor Torres had a valid Massachusetts driver's license. After the defendant and Torres consented to a vehicle search, the troopers seized quantities of cocaine and Percocet from under the vehicle's hood. Following the defendant's arrest, he fled. He ran across Interstate 93, down an embankment, over a fence, and into a swamp, where he was eventually apprehended.
Torres gave written consent to search the apartment she shared with the defendant. The search resulted in the seizure of large amounts of cocaine and heroin, drug paraphernalia, over $6,000 in cash, and two firearms. The defendant was indicted for trafficking in controlled substances, firearm offenses, and resisting arrest.
Ultimately, the defendant, represented by experienced counsel, agreed to plead guilty to reduced drug trafficking charges pursuant to an agreement with the Commonwealth.[2] In relevant part, the agreement resulted in a reduction of the mandatory minimum sentence from fifteen to seven years, with a joint sentence recommendation of eight years to eight years and one day in the custody of the Department of Correction. The joint recommendation was accepted by the judge and that sentence was imposed.
Over three years later the defendant filed a motion to withdraw his guilty plea, claiming that his plea counsel had been constitutionally ineffective for (1) failing to adequately investigate a motion to suppress evidence and advise him regarding its potential for success, and (2) failing to inform him of the immigration consequences of his guilty plea. Following an evidentiary hearing at which the defendant and plea counsel testified, the judge (who had also taken the plea) denied the motion, reasoning that "[plea counsel] was very experienced ... [and] told [the defendant] that he would be deported.... [M]otions to suppress were of some merit but unlikely to [prevail, and] ... [n]o better plea bargain was to be had."
Discussion. "A motion to withdraw a guilty plea is treated as a motion for a new trial," Commonwealth v. Furr, 454 Mass. 101, 106 (2009), and is "committed to the sound discretion of the judge." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). On review, we "determine whether the judge committed an abuse of that discretion or a significant error of law." Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). To prevail on his motion to withdraw a plea for ineffective assistance of counsel, the defendant was required to "show [ ] that his attorney's performance fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that he suffered prejudice because of his attorney's unprofessional errors." Commonwealth v. Lavrinenko, 473 Mass. 42, 51 (2015), quoting from Commonwealth v. Clarke, 460 Mass. 30, 45 (2011). For the reasons that follow, we discern no error in the judge's determination that the defendant failed to meet this burden.
1. Motion to suppress. The defendant's principal claim is that the search of the vehicle was not a consent search, but an unlawful inventory search. The defendant asserts that he did not consent, and that Torres was licensed to drive in New Hampshire. Therefore, the defendant argues, there was no need to impound the vehicle and conduct an inventory search. According to the defendant, this would have made for a "strong motion to suppress," and counsel was ineffective for failing to advise the defendant regarding its potential.
"In order to show that counsel was ineffective for failing to file a motion to suppress evidence, the defendant must show such a motion likely would have succeeded." Commonwealth v. Buckman, 461 Mass. 24, 40 (2011). Here, the troopers reported that both the defendant and Torres consented to a search of the vehicle. At the plea hearing, the defendant agreed that he had consented. Such general consent, if free and voluntary, is an exception to the warrant requirement, Commonwealth v. Yehudi Y., 56 Mass. App. Ct. 812, 816-817 (2002), and the limitations associated with an inventory search do not apply. See Commonwealth v. Sanna, 424 Mass. 92, 98-99 (1997) (no limitation on scope of consent search unless implicitly or explicitly specified). Cf. Commonwealth v. Ellerbe, 430 Mass. 769, 772-773 (2000).
The defendant's argument that the Commonwealth has not shown that the consent was voluntary misses the mark. In this context, where the defendant contends plea counsel was constitutionally ineffective for failing to pursue a motion to suppress, he has the burden to show that the Commonwealth could not prove that consent to search was free and voluntary. See Commonwealth v. Comita, 441 Mass. 86, 93 (2004). He has failed to do so. Nothing in the record before us, including the defendant's affidavit and testimony, suggests that his consent to search the vehicle was not voluntary. Rather, the defendant now denies that he consented. On this record, the judge acted within his discretion when he concluded that a motion to suppress was "unlikely to [prevail]." Simply put, plea counsel was not ineffective for failing to pursue a motion that had little chance of success. Buckman, supra.
2. Immigration consequences. It is undisputed that the defendant, a citizen of the Dominican Republic, was subject to mandatory deportation based on his felony convictions of controlled substance offenses. See 8 U.S.C. § 1227(a)(2)(B)(i) ; DeJesus, 468 Mass. at 181. The defendant claims that plea counsel misadvised him regarding the deportation consequences of his guilty pleas when he was told that there was "a chance" of deportation rather than that deportation was "practically inevitable." Further, the defendant contends that, had he known of the mandatory nature of deportation, he would have elected to proceed to trial.
After evaluating the testimony of the defendant and plea counsel, the judge found otherwise, concluding that plea counsel was "very experienced," and "followed the accepted practi[c]e in Superior Court in Essex County and told him he would be deported" (emphasis supplied). For the reasons set forth on pages thirty-three through thirty-six of the Commonwealth's brief, we see no reason to disturb this ruling. In particular, plea counsel testified that he told the defendant that he would be deported as a result of the convictions. Plea counsel's testimony on this point was supported by the defendant's acknowledgement that at the change of plea hearing, "[plea counsel had] told [him that], if [he was] not already a citizen of the United States, convictions of these offenses w[ould] result in [his] deportation."
Finally, even if the defendant had been misadvised, he has failed to establish prejudice. "In the context of a guilty plea, in order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Clarke, 460 Mass. at 47, quoting from Hill v. Lockhart, 474 U.S. 52, 59 (1985). The defendant must "convince the court that [his] decision to reject the plea bargain would have been rational under the circumstances." Clarke, supra, quoting from Padilla, 559 U.S. at 372. To satisfy this requirement,
"the defendant bears the substantial burden of showing that (1) he had an available, substantial ground of defence, that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of 'special circumstances' that support the conclusion that he placed, or would have placed particular emphasis on immigration consequences in deciding whether to plead guilty."
Clarke, supra at 47-48 (quotation and footnote omitted).
Here, the evidence against the defendant was strong and, for the reasons previously discussed, the motion to suppress did not present an "available, substantial ground of defence." Id. at 47. Bearing in mind the plea agreement's substantial reduction of the defendant's minimum sentence from fifteen to eight years, and plea counsel's testimony that litigating a motion to suppress would have jeopardized the negotiated plea, we agree with the judge's assessment that "[n]o better plea bargain was to be had." The fact that, at the time of his guilty plea, the defendant was scheduled to become a naturalized United States citizen was an unusual circumstance. But the defendant did not raise it as a concern with plea counsel, or at the plea hearing. Instead, plea counsel testified that the defendant inquired whether he might be permitted to serve his sentence in the Dominican Republic.
After considering all of the evidence, the judge explicitly addressed the Clarke factors and denied the motion for new trial. Implicit in the denial was his conclusion that the defendant failed to establish that rejection of the plea agreement would have been rational under the circumstances. We discern no abuse of discretion in that conclusion.
Order denying motion to withdraw guilty plea affirmed.

As part of the agreement, indictment three, charging trafficking in over 200 grams of heroin, and indictment four, charging trafficking in over 200 grams of cocaine, were both reduced to trafficking in a controlled substance exceeding twenty-eight grams.