A Superior Court jury convicted the defendant, Tony C. Babcock, of armed assault with intent to murder and aggravated assault and battery by means of a dangerous weapon. The defendant filed a motion for new trial, based on ineffective assistance of counsel, which was denied by the trial judge after an evidentiary hearing. The defendant's appeal from the ruling on his motion for new trial was consolidated with his direct appeal, in which he claims error in the prosecutor's closing argument. We affirm the order denying the defendant's motion for new trial as well as the defendant's convictions.
Background. We recite the facts as the jury could have found them at trial, reserving other facts for later discussion. The events giving rise to the defendant's charges took place on October 23, 2013, in the area of Second Street in Pittsfield. The defendant and the victim, Casey Trumbull, knew each other, as they had been dating twin sisters during the time of the incident that resulted in the charges against the defendant. By the time of the incident in October, Trumbull and his girl friend were having "relationship problems," and the girl friend was residing with her sister and the defendant at 40 Second Street. On the evening of October 23, 2013, Trumbull and his girl friend were together and arguing outside of the defendant's apartment. The defendant came out of the apartment and punched Trumbull numerous times. To avoid his attacker, Trumbull ran down Second Street and hid in the back yard of 80 Second Street. Trumbull dropped his backpack when he was running from the defendant, and, after hiding a few minutes, he went to the street and picked up his backpack. The defendant saw Trumbull retrieving his backpack and chased Trumbull into the back yard. As Trumbull attempted to jump over a fence, the defendant stabbed Trumbull multiple times. Trumbull was hospitalized for four to five days and treated for stab wounds to his stomach, chest, leg, and back.
Discussion. 1. Closing argument. The defendant makes both preserved and unpreserved claims that the prosecutor's closing argument caused prejudicial error or a miscarriage of justice requiring a reversal of his convictions. "Remarks made during closing arguments are considered in the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury." Commonwealth v. Felder, 455 Mass. 359, 368 (2009).
For the first time on appeal, the defendant contends the prosecutor's reference in his closing argument to the medical records was error, as it improperly brought to the jury's attention prior bad acts of the defendant. We review unpreserved claims of error to determine whether there was error, and, if so, whether the error created "a substantial risk of a miscarriage of justice." Commonwealth v. Robinson, 444 Mass. 102, 105 (2005).
Prior to trial, the defendant filed a motion in limine to keep out evidence of his prior bad acts. At the hearing on the motion the prosecutor agreed not to elicit such information.[2] An additional motion in limine filed by the defendant sought to exclude unspecified portions of Trumbull's medical records. Without ruling on the motion, the judge requested that the attorneys work together to determine whether there were any disputes about what portions of the records should be admitted, and proposed that if there were any disagreements, he would address them at a later time. The defendant agreed to this request and did not seek any further rulings on the admissibility of the medical records.[3] The defendant's closing argument made repeated use of the medical records to attack Trumbull's credibility. Specifically, the defendant pointed out references in the medical record where Trumbull failed to identify the defendant as his attacker. The prosecutor's closing argument referenced the medical records only in response to defense counsel's argument that Trumbull's identification of the defendant as his attacker was not reliable. The portion of the record cited by the prosecutor recounts Trumbull's statement of being stabbed by the defendant. The prosecutor did not refer to prior bad acts or direct the jury to look for reports of prior bad acts.
A prosecutor is permitted to "make a fair response to an attack on the credibility of a government witness." Commonwealth v. Chavis, 415 Mass. 703, 713 (1993). In his closing, defense counsel argued that Trumbull's testimony was not reliable. There was no error in the prosecutor's challenged comment, as it was a legitimate attempt to defend Trumbull's credibility.
Additionally, at the completion of the prosecutor's closing argument, defense counsel objected to a portion of the argument, claiming the prosecutor had mischaracterized the defendant's testimony. We review this claim for prejudicial error. Commonwealth v. Garcia, 75 Mass. App. Ct. 901, 901 (2009).
Defense counsel objected to the prosecutor's characterization of the defendant's testimony as a statement that the defendant did not see any evidence of the stabbing. The defendant contends that the prosecutor's reference to the defendant's statement on cross-examination that he had "never seen any physical evidence that [Trumbull] was stabbed anywhere" improperly suggested an inference that the defendant was "so dishonest that he had flat out denied that Trumbull had even been stabbed."
Although prosecutors are not permitted to misstate the evidence or refer to facts not in evidence during closing arguments, Commonwealth v. Kozec, 399 Mass. 514, 516 (1987), they are "entitled to marshal the evidence and suggest inferences that the jury may draw from it." Commonwealth v. Roy, 464 Mass. 818, 829 (2013), quoting Commonwealth v. Drayton, 386 Mass. 39, 52 (1982). Here, the prosecutor did just that. The defendant testified at trial that he had seen no evidence of the stabbing. There was no error in the prosecutor's drawing the jurors' attention to the defendant's testimony and arguing that the defendant was denying that Trumbull had been stabbed, as it was a fair inference from the evidence. See Commonwealth v. Harris, 468 Mass. 429, 454 (2014). In addition, the judge instructed the jury that closing arguments by counsel are not evidence. We conclude that there was no error, let alone a prejudicial error.
2. Motion for new trial. The defendant appeals from the denial of his motion for new trial, repeating the grounds on which he sought relief in the trial court. The defendant contends that his trial counsel provided ineffective assistance by (a) failing to adequately investigate his primary defense, namely, that Trumbull's inebriation affected his "ability to accurately perceive and recall the stabbing," and failing to present evidence at trial thereon; and (b) inadequately implementing his secondary strategy of casting doubt on the DNA evidence. Accordingly, the defendant argues, the judge abused his discretion in denying the motion for new trial.
The decision on a motion for new trial is left largely to the sound discretion of the judge, see Commonwealth v. Moore, 408 Mass. 117, 125 (1990), and is "granted only in extraordinary circumstances." Commonwealth v. Comita, 441 Mass. 86, 93 (2004). "Reversal for abuse of discretion is particularly rare where[, as here,] the judge acting on the motion was also the trial judge." Commonwealth v. Schand, 420 Mass. 783, 787 (1995). Where a motion for new trial is based on ineffective assistance of counsel, the defendant must show that the behavior of counsel fell below that of "an ordinary fallible lawyer," and that such failing "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
a. We agree with the judge's ruling that the defendant's trial counsel was not ineffective in investigating the defense that Trumbull's use of drugs and alcohol affected his ability to recall the events surrounding the stabbing. The judge found that defense counsel had in fact investigated the defense by retaining and consulting with an expert concerning the effects of drugs and alcohol on an individual's ability to recall. The defendant's expert advised defense counsel that the prosecution's expert witness could provide information regarding the impact of drugs and alcohol on Trumbull's ability to accurately recall the stabbing.[4] The defendant's trial counsel presented that defense to the jury fully and fairly, through cross-examination of witnesses for the prosecution, including Trumbull, use of the medical records, and in argument. On this record there has been no showing that counsel's alleged failure to investigate his primary defense was behavior that fell below that of an ordinary, fallible lawyer. Nor did it deprive the defendant of a substantial defense.
b. The defendant also maintains that defense counsel was ineffective in executing his strategy of casting doubt on the DNA and blood evidence by failing to exclude evidence in the social worker's report of prior bad acts, by eliciting DNA evidence that otherwise would not have come in, and by failing to educate the jury that food substances could trigger false positive results on certain blood tests.
Here, the judge determined that trial counsel's failure to object to the prior bad acts evidence in the social worker's report was conduct that fell below the performance prong of Saferian, 366 Mass. at 96. The judge then evaluated the evidence and found that it was not prejudicial to the defendant, as it was cumulative of other properly admitted evidence. See Commonwealth v. Quincy Q., 434 Mass. 859, 869 (2001) ("the admission of inadmissible hearsay will not constitute prejudicial error if it is merely cumulative of other properly admitted evidence"). We discern no error in the judge's conclusion that the failure to object to the introduction of cumulative or nonprejudicial evidence did not constitute ineffective assistance. See Commonwealth v. Mattos, 49 Mass. App. Ct. 218, 225-226 (2000).
Finally, the defendant argues that counsel provided ineffective assistance by eliciting evidence that the DNA stain on the defendant's sweatshirt contained human blood, and by failing to educate the jury that food products could provide false positives indicating the presence of human blood. We agree with the judge that defense counsel was not ineffective in his attempts to undermine the blood and DNA evidence. The judge found that counsel's attempt to impeach the DNA expert was reasonable. See Commonwealth v. Knight, 437 Mass. 487, 503 (2002) ("The fact that the examination of any witness may not have been perfect is not the standard we use to evaluate the effectiveness of counsel").
Even if we assume that defense counsel was manifestly unreasonable in failing to educate the jury on the potential for a false positive test result indicating the presence of human blood, there was no prejudice to the defendant.[5] The judge found that since evidence was presented on direct examination that the sweatshirt stain was of a human origin based on testimony that the sweatshirt stain contained DNA profiles consistent with both Trumbull and the defendant, counsel's failure to elicit the potential for a false positive did not prejudice the defendant. See Saferian, 366 Mass. at 96.
For the reasons stated above, we discern no error of law or abuse of discretion in the denial of the motion for new trial.
Judgments affirmed.
Order denying motion for new trial affirmed.

At the hearing on the motion in limine, the defendant agreed with the prosecutor's resolution to limit testimony to "they [Trumbull and the defendant] don't like each other and had physical altercations."

The defendant did not object to the introduction of the medical records as an exhibit.

Defense counsel's decision not to present his own expert was not manifestly unreasonable. Compare Commonwealth v. White, 409 Mass. 266, 273-275 (1991). Tactical decisions of counsel, such as whether to call a witness, amount to ineffective assistance only if they were "manifestly unreasonable when made." Commonwealth v. Zagrodny, 443 Mass. 93, 102 (2004), quoting Commonwealth v. Martin, 427 Mass. 816, 822 (1998). The test of ineffectiveness "is not to be made with the advantage of hindsight," Commonwealth v. Drumgold, 423 Mass. 230, 262 (1996), but with due deference to the reasoned strategic decisions of defense counsel.

Defense counsel's affidavit in support of the new trial motion indicates that he had no strategic reason for failing to pursue this evidence. Although the judge did not make a finding that this was unreasonable, he did find that counsel's failure to bring this evidence forward did not prejudice the defendant.