NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-274

COMMONWEALTH

vs.

ANTHONY FREEMAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2007, following a jury trial in the Superior Court, the defendant, Anthony Freeman, was convicted of armed robbery and assault and battery by means of a dangerous weapon causing serious bodily injury (ABDW-SBI). The defendant was then arraigned on two habitual offender indictments and, following a bench trial, convicted of both counts. Sixteen years later, the defendant filed a "motion to vacate habitual offender convictions" (motion to vacate) pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). That motion was denied, and the defendant now appeals therefrom. We affirm.

Background. On October 28, 2005, the defendant and his brother had an altercation with the victim during which the defendant held a knife to the victim's throat, rummaged through the victim's wallet, beat the victim and demanded his "PIN"

number, struck the victim over the head with a bottle, and stole the victim's wedding band, car keys, wallet, gold chain, gold bracelet, diamond ring, and other items.[1]  The defendant's brother stabbed the victim during the altercation.

After the jury rendered guilty verdicts on the armed robbery and ABDW-SBI counts, the trial judge asked the parties about the status of the habitual offender indictments.  The prosecutor advised that he had "made an offer to the defendant" regarding a plea bargain.  Defense counsel responded that he had discussed the offer with the defendant who "[did] not want to go forward" with the plea and "[did] not want [to] waive his appellate rights."  The judge subsequently asked about the plea offer.[2]  The prosecutor stated that the Commonwealth would dismiss the habitual offender counts if the defendant "would agree to serve 12 to 15 years in state prison," with "probation

---

[1] A panel of this court affirmed the defendant's convictions in a decision issued pursuant to our former rule 1:28 (now rule 23.0) on May 15, 2012.  Further details regarding the underlying facts of this case may be found therein.

[2] Prior to further discussions regarding a possible plea deal, the defendant expressed his intent to waive his right to a jury trial.  Moments later, however, the defendant expressed some confusion about the process regarding a jury trial waiver. In response, the judge stated, "I don't want you doing something unless you completely understand what's happening," and allowed defense counsel's request to allow the defendant to "think about it over night."  The next day of trial, following a colloquy with the judge, the defendant waived his right to a jury trial.

from and after and waive his appellate rights."  The judge then stated as follows:

> "I don't know how you would -- I'm not going to be a party to that.  I mean if you want to dismiss the habitual criminal and you move[] for sentencing for what he was charged for here, that's all right.  I'm not going to be party to him or have someone waive their appellate rights for what took place at trial."

Defense counsel then repeated that the defendant would not waive his appellate rights, and the judge responded, "And I wouldn't blame him for not waiving them."

At the jury-waived trial on the habitual offender counts, the Commonwealth presented evidence of the defendant's prior convictions of various predicate offenses including breaking and entering, manslaughter, armed robbery, and assault by means of a dangerous weapon.  The Commonwealth also presented evidence confirming that the defendant was the same person who had been convicted of the prior offenses.  The judge subsequently found the defendant guilty on both habitual offender counts and sentenced him to life in prison on the armed robbery count (as a habitual offender) and from fourteen to fifteen years in prison on the ABDW-SBI count (as a habitual offender) to run concurrently with the sentence imposed on the armed robbery count.

On December 7, 2009, the defendant filed a motion for a new trial, which included claims of ineffective assistance of

3

counsel.  Following an evidentiary hearing, the judge, who was also the trial judge, denied the motion.  The defendant's direct appeal was consolidated with his appeal from the denial of the motion for a new trial.  On May 15, 2012, a panel of this court affirmed the judgments and the order denying the motion for a new trial.  On November 9, 2012, the defendant filed a motion to revise and revoke his sentences pursuant to Mass. R. Crim. P. 29 (a), as appearing in 474 Mass. 1503 (2016).  That motion was denied by a different Superior Court judge on February 26, 2013.[3]

On March 27, 2023, the defendant filed the motion to vacate that is the subject of the present appeal.  A third Superior Court judge (motion judge) conducted a nonevidentiary hearing and, on February 5, 2024, denied the motion to vacate in a written decision.  The defendant filed a timely notice of appeal.

Discussion.  The defendant contends that the motion judge abused her discretion in denying his motion to vacate.  In essence, the defendant argues that trial counsel rendered ineffective assistance by failing to properly advise him of the "certain conviction at the habitual offender trial," and failing to identify and advise him of any viable appellate issues

---

[3] As the trial judge had retired, another Superior Court judge heard and denied the defendant's motion to revise and revoke.

4

immediately after the jury trial had ended and before the ensuing bench trial on the habitual offender indictments had commenced. The defendant posits that had he understood the proceedings, his likelihood of success on appeal, and his likelihood of success at the habitual offender trial, he would have accepted the Commonwealth's plea offer. The argument is unavailing.

Pursuant to Mass. R. Crim. P. 30 (b), a judge may grant a new trial "if it appears that justice may not have been done." "In reviewing the denial of a motion for new trial, we examine the motion judge's conclusions only to determine whether there has been a significant error of law or other abuses of discretion" (quotation and citation omitted). Commonwealth v. Ferreira, 481 Mass. 641, 648 (2019). See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "Motions for a new trial are granted only in extraordinary circumstances." Commonwealth v. Comita, 441 Mass. 86, 93 (2004). Where a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that the behavior of counsel fell "below that . . . [of] an ordinary fallible lawyer" and that such failing "likely deprived [him] of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See Commonwealth v. Millien, 474 Mass. 417, 429-430 (2016).

5

Here, we first note that the defendant failed to raise the present claim of ineffective assistance in his first motion for a new trial or in his direct appeal, even though the claim was available at that time.[4]  Indeed, the defendant raised a different claim of ineffective assistance of counsel in his first motion for a new trial and in his direct appeal.  Thus, as the motion judge determined, the claim is waived.  See Commonwealth v. Duguay, 492 Mass. 520, 540 (2023) ("If a defendant fails to raise a claim that is generally known and available at the time of trial or direct appeal or in the first motion for postconviction relief, the claim is waived" [citation omitted]).

Despite her determination that the present claim was waived, the motion judge nonetheless reviewed the issue to determine whether the alleged error created a substantial risk of a miscarriage of justice.  She first determined that there was no credible evidence that trial counsel's "advice in connection with the plea offer fell measurably below that expected from ordinary defense counsel."  She found that the defendant's affidavit was self-serving and failed to include any

_____

[4] We are not persuaded by the defendant's suggestion that his prior appellate counsel likewise rendered ineffective assistance by failing to raise the present claim of trial counsel's ineffective assistance in the defendant's first motion for a new trial or in his direct appeal.

details regarding any conversation he had with trial counsel about the plea offer.[5]  See Commonwealth v. Vaughn, 471 Mass. 398, 405 (2015); Commonwealth v. Marrero, 459 Mass. 235, 240-241 (2011).  She further found that "[i]t appears that [the defendant] rejected the plea offer based not on inadequate advice but on his firm belief that the Commonwealth was covering up mistakes it made at trial and his desire to preserve his right to appeal those mistakes."  We discern no error in these findings.

Even assuming, arguendo, that the defendant satisfied the first prong of the ineffective assistance test, he has nonetheless failed to satisfy the prejudice prong of the test.[6] The record shows that the trial judge was reticent, if not unwilling, to entertain the Commonwealth's plea offer, and he was not required to do so.  See Commonwealth v. Ramos-Cabrera, 486 Mass. 364, 366 (2020) (judge afforded wide discretion in determining whether to accept guilty plea).  See also

---

[5] We note that, at the hearing on the motion to vacate, the judge offered the defendant the opportunity to testify, but he declined the offer.

[6] The defendant cites no persuasive authority for his claim that trial counsel was ineffective for failing -- immediately after the jury returned its verdict -- to identify and advise him of any viable appellate issues and the likelihood of success on any such issues.  The argument is even more problematic where the defendant's first appeal centered, in part, on the claim that trial counsel rendered ineffective assistance.

7

Commonwealth v. Marinho, 464 Mass. 115, 129 (2013) ("To establish prejudice on account of counsel's deficient performance in the plea context . . . the defendant must demonstrate a reasonable probability that the prosecution would have made an offer, that the defendant would have accepted it, and that the court would have approved it").  Thus, the claim rests, in part, on a speculative foundation.

Furthermore, we disagree with the defendant's claim that the trial judge was unaware that a waiver of appellate rights in connection with a plea agreement is permissible.  As noted by the motion judge, the trial judge appeared to express his personal view regarding "the desirability of waiving appellate rights" as part of a plea deal.  The claim is speculative at best.  See Marinho, 464 Mass. at 129 ("[p]roof of prejudice . . . cannot be based on mere conjecture or speculation as to outcome" [citation omitted]).  Regardless, we discern no prejudice where, prior to the trial judge's comments regarding the Commonwealth's plea offer, trial counsel for the defendant stated that he had discussed the offer with the defendant who "[did] not want to go forward" with the plea and "[did] not want [to] waive his appellate rights."  In such circumstances, the motion judge was warranted in concluding that the trial judge's comment had not "tainted the proceedings."

8

In short, the defendant chose to forego the possibility of accepting a plea offer that required him to serve up to fifteen years in prison and waive his appellate rights.  The record reflects that he was unwilling to do so.  Having exercised those appellate rights and having not prevailed, he claimed for the first time -- sixteen years after trial -- that he did not understand the ramifications of his decision based on trial counsel's purported ineffective assistance.  On the record before us, we cannot say that the motion judge abused her discretion in denying this belated claim.

<u>Order denying motion to vacate habitual offender convictions affirmed</u>.

By the Court (Massing, Neyman & Wood, JJ.[7]),

Clerk

Entered:  June 30, 2025.

---

[7] The panelists are listed in order of seniority.