NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-581

COMMONWEALTH

vs.

JORGE A. MORENO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Boston Municipal Court, the defendant, Jorge A. Moreno, was convicted of assault and battery on a family or household member.[1] The defendant filed a motion for a new trial alleging that he received ineffective assistance of counsel. That motion was denied, and the defendant now appeals therefrom. We affirm.

Background. In the fall of 2020, the defendant lived with the victim at her two-bedroom apartment in Roxbury. They had been in a romantic relationship for two to three years. The victim's children also lived at the apartment.[2] In the early

_____

[1] The jury found the defendant not guilty of larceny by stealing and threatening to commit a crime.

[2] The victim's children had "just [come] back from [the victim's] mom's house" where they had been staying during the

morning of November 25, 2020, after the victim had asked him to the leave the apartment, the defendant attacked her. Among other acts, he grabbed the victim by her hair, threw a glass at her, which struck the wall and shattered, and punched her multiple times in the face. Later that morning, the victim contacted the police.

At approximately 12:30 P.M., Officer Vladimir Vilvalex of the Boston police department responded to a radio call and went to the victim's apartment. There, he spoke with the victim and noticed that she was "very emotional" and crying. He saw bruises around her neck or face as well as "some redness." A police detective took photographs of the victim's injuries.[3]

The defense at trial centered on the claim that the victim lied or exaggerated the circumstances of the incident, including her claim that the defendant had attempted to poison her. Defense counsel attempted to demonstrate inconsistencies in the victim's testimony through cross-examination. He also raised the victim's history of mental illness, bipolar disorder, and paranoia.

---

COVID-19 pandemic. The defendant is not the father of the victim's children.

[3] Photographs depicting the victim's injuries were admitted as exhibits at trial.

After the jury found the defendant guilty of assault and battery on a family or household member, the defendant filed a motion for a new trial predicated on a claim of ineffective assistance of counsel. In a comprehensive and thoughtful written decision, the motion judge, who was also the trial judge, denied the motion. The defendant now appeals therefrom.

Discussion. The defendant contends that the judge abused his discretion in denying his motion for a new trial. In essence, the defendant argues that trial counsel rendered ineffective assistance by failing to use certain forms of impeachment to undermine the credibility of the victim. The argument is unavailing.

Pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), a judge may grant a new trial "if it appears that justice may not have been done." "In reviewing the denial of a motion for new trial, we examine the motion judge's conclusions only to determine whether there has been a significant error of law or other abuses of discretion" (quotation and citation omitted). Commonwealth v. Ferreira, 481 Mass. 641, 648 (2019). See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "Motions for a new trial are granted only in extraordinary circumstances . . . ." Commonwealth v. Comita, 441 Mass. 86, 93 (2004). Because the judge who ruled on the motion for new trial was also the trial judge, we extend

3

"special deference" to his denial of the motion. Commonwealth v. Robertson, 88 Mass. App. Ct. 52, 59 n.14 (2015), citing Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

Where a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that the behavior of counsel fell "below that . . . [of] an ordinary fallible lawyer" and that such failing "likely deprived [him] of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See Commonwealth v. Millien, 474 Mass. 417, 429-430 (2016).

Here, the defendant argued in his motion that trial counsel had been ineffective in failing to impeach the victim with her previous statements regarding, inter alia, (a) the events precipitating the incident and (b) the location and nature of the injuries that she suffered. We consider these arguments in light of the principle that, although a "defendant is entitled to reasonable cross-examination of a witness for the purpose of showing bias . . . failure to use particular methods of impeachment at trial rarely rises to the level of ineffective assistance of counsel." Commonwealth v. Goitia, 480 Mass. 763, 770 (2018). "Impeachment of a witness is, by its very nature, fraught with a host of strategic considerations, to which we will . . . show deference." Commonwealth v. Fisher, 433 Mass. 340, 357 (2001). "Furthermore, absent counsel's failure to

4

pursue some obviously powerful form of impeachment available at trial, it is speculative to conclude that a different approach to impeachment would likely have affected the jury's conclusion." Id.

As to the first prong of the ineffective assistance test, we are persuaded by the judge's determination that the victim's view as to what precipitated the defendant's angry and assaultive behavior did not provide an "obviously powerful form of impeachment." Fisher, 433 Mass. at 357. Likewise, there were obvious strategic reasons for trial counsel to accept the victim's trial testimony to the effect that some glass cut her foot and forego an attempt to impeach her with her prior statement that she "had a little injury" on her head from shards of glass from the cup thrown by the defendant.

Even assuming, arguendo, that the defendant satisfied the first prong of the ineffective assistance test, he has nonetheless failed to satisfy the prejudice prong of the test. The record supports the judge's finding that trial counsel cross-examined the victim with skill and elicited favorable testimony through impeachment and other tactics. We further agree that in the context of the present case, the claim that different choices of impeachment evidence would have made a material difference in the jury's deliberations rests on a speculative foundation. The evidence of the defendant's

5

guilt -- including the testimony of the responding police officer and the photographs depicting the victim's fresh injuries -- was strong.  We further note that the jury acquitted the defendant of two of the three charges, which may tend to negate any claim of prejudice.  Cf. Commonwealth v. Lassiter, 80 Mass. App. Ct. 125, 132 (2011); Commonwealth v. Sosnowski, 43 Mass. App. Ct. 367, 372 (1997) ("difficult to find that the

admission of the evidence caused prejudice where the jury returned not guilty verdicts on two of three indictments").[4,5]

Order denying motion for new trial affirmed.

By the Court (Rubin, Neyman & Tan, JJ.[6]),

*Paul Little*

Clerk

Entered:  July 24, 2025.

---

[4] The defendant also argues that the judge abused his discretion in denying a motion for a mistrial where the victim twice referenced the defendant's probation status.  We disagree. The judge sustained the objections to the brief references and instructed the jury to disregard the testimony.  In addition, the judge instructed the jury that he "just struck the witness'[s] last answer, and what that means is you may not consider it.  Any answer that I've struck from the record, you may not consider for any purpose at all."  See Commonwealth v. Bryant, 482 Mass. 731, 740 (2019); Commonwealth v. Kilburn, 426 Mass. 31, 37-38 (1997); Commonwealth v. Chubbuck, 384 Mass. 746, 753 (1981).  The judge's instructions were clear, and we presume the jury followed them.  See Commonwealth v. Pope, 406 Mass. 581, 588 (1990).

[5] To the extent we do not discuss other arguments made by the parties, they have not been overlooked.  "We find nothing in them that requires discussion."  Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[6] The panelists are listed in order of seniority.