After being convicted of operating under the influence of alcohol (OUI), the defendant brought a motion for a new trial, asserting that her trial counsel was ineffective. That motion was denied following an evidentiary hearing, a decision the defendant now appeals. We affirm.
Background. On August 17, 2012, at approximately 11 P.M. , a Wrentham police officer observed the defendant in her vehicle parked in the wrong direction on a major road in Wrentham. The officer approached the defendant, who said that she was having car trouble and was trying to contact her husband. The defendant was advised to move her vehicle to a safer spot, and the officer returned to his vehicle and began to drive away. As he drove past the defendant's vehicle, the officer noticed, for the first time, damage to the front right side of the vehicle. While the officer was turning around to return to the police station, he saw the defendant drive her vehicle, without headlights on, over a curb, across a lawn, and into the parking lot of a nearby apartment complex.
At this point, the police officer approached the defendant again and requested her license and registration. While still seated in the vehicle, the defendant told the officer she was on the telephone and to hold on. The officer then noticed that her speech was slurred. After the call ended, the officer again asked for her license and registration at which time he detected a strong odor of alcohol and noticed that the defendant's eyes were glassy and bloodshot. As a result, the officer asked her to perform three field sobriety tests, two of which she was unable to successfully perform and the third she refused. She informed the officer that she had been drinking at an establishment in Foxboro, where she had been in a minor car accident. The officer placed her under arrest.
Following her conviction, the defendant filed a motion for a new trial, alleging that her trial counsel was ineffective. The motion was denied by the same judge who conducted the trial. On appeal, the defendant asserts the following deficiencies in her counsel's representation: he only met with her for ten minutes before the trial date; he was unprepared for trial on the trial date; he did not file a motion to suppress her statement that she had been in a motor vehicle accident; he failed to specifically challenge, through a motion to dismiss or motion for a required finding of not guilty, whether the Commonwealth could prove that the defendant operated the vehicle; and he failed to contact three potential witnesses who would have testified that she was not under the influence of alcohol on the night in question. Notably, the defendant failed to submit an affidavit from trial counsel, and she was the only person to testify at the hearing on her motion for a new trial.
Discussion. On review of the defendant's motion for a new trial, we must "determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). When the motion judge was also the trial judge, as in the present case, we afford "special deference" to the judge's ruling. Commonwealth v. Fappiano, 69 Mass. App. Ct. 727, 730 (2007), quoting from Commonwealth v. Buck, 64 Mass. App. Ct. 760, 762 (2005). When the basis for a motion for a new trial is ineffective assistance of counsel, we first determine whether the defendant has demonstrated "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). If that is found, we must then determine whether counsel's performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Ibid. As we conclude that the defendant did not establish that her trial counsel's performance fell measurably below that of an ordinary fallible lawyer, we need not reach the second inquiry.
The defendant did not produce an affidavit from her trial counsel or any additional witnesses at the motion hearing. As a result the judge was limited to the defendant's self-serving testimony and was free to "draw a negative inference ... that there is no affidavit from counsel because a truthful affidavit would not assist the defendant." Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 551 (2014). In denying the defendant's motion, the judge found that her "testimony alone does not provide this court with sufficient credible evidence that warrants the court's vacating her conviction by a jury of her peers and granting her a new trial."
Regarding the defendant's contention that trial counsel should have raised various motions, including a motion to suppress a statement made by the defendant and a motion to dismiss for lack of evidence to support the operation prong of an OUI charge, we conclude that she failed to demonstrate that either motion would have had any force. Counsel is under no obligation to raise a motion that had no likelihood of success. See Commonwealth v. Comita, 441 Mass. 86, 91 (2004).
As to the defendant's remaining claims, we defer to the judgment of the motion judge. See Fappiano, supra. Beyond the absence of an affidavit from trial counsel, the defendant failed to produce any of the witnesses whose absence she claimed prejudiced her at trial. We conclude, therefore, that the judge's determination that the defendant's testimony alone did not establish that any of trial counsel's actions fell measurably below the actions of an ordinary fallible lawyer was not an abuse of discretion. See Commonwealth v. Beaulieu, 90 Mass. App. Ct. 773, 781 (2016), quoting from Commonwealth v. McCormick, 48 Mass. App. Ct. 106, 108 (1999) ("[W]e are unable to determine whether 'defense counsel's asserted failures may in fact have been the considered product of a tactical decision' ").
Order denying motion for new trial affirmed.