The defendant, Raynel Bayne, appeals the denial of his first and second motions for new trial based upon the alleged ineffective assistance of trial counsel.[2] A jury convicted the defendant of home invasion, armed robbery, and armed assault in a dwelling.[3] At trial, the defendant claimed his entry was consensual and for the purpose of purchasing drugs from the victim, which led to the defendant's threatening the victim with a weapon when the illicit transaction went awry. The defendant claims trial counsel was ineffective for failing to seek to introduce certain telephone records that would have undermined the victim's testimony and version of events. We disagree and affirm the denial of both of the defendant's motions for new trial.
1. Background. The following facts emerge from the briefs and appellate record, and are undisputed. At trial, the victim testified that he returned home and found the defendant attempting to enter the apartment through the back porch and, when confronted, the defendant forced his way into the home, pulled out a firearm, and demanded money. The victim also stated he had not been in contact with the defendant since 1998. The defendant did not testify, but sought to prove through his statement to the police that was introduced in evidence that he had entered for the purpose of purchasing drugs and with the victim's consent, as he had been doing for months. In his second motion for new trial, the defendant argued that certain telephone records would have impeached the victim and supported his defense theory. The motion judge determined the phone records would be inadmissible hearsay because they were modified business records and pertained only to a collateral matter, possible impeachment of the victim-witness on the alleged contact between the defendant and the victim approximately five months before the date of the offenses.
2. Discussion. We review the denial of a motion for new trial to determine "whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). An ineffective assistance of counsel claim requires a showing that counsel's performance (a) fell measurably below that which is expected of an ordinary fallible attorney and (b) deprived the defendant of an otherwise available and substantial defense. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
We begin by observing that the motion judge, applying the principle that the burden of proof is on the defendant, see Commonwealth v. Comita, 441 Mass. 86, 93 (2004), determined that the telephone records were not given to trial counsel; we discern no reason to disturb this finding. Both the defendant's initial counsel and his trial counsel have no recollection of having received the telephone records, and, although most of the attorneys' records from this period were destroyed, to the extent records from that time are still available, neither was able to locate the telephone records within them. The defendant and his then girl friend submitted affidavits stating the records were discussed with and provided to the defendant's attorneys. The motion "judge is entitled to discredit affidavits he or she does not find credible." Commonwealth v. Marinho, 464 Mass. 115, 123 (2013). The defendant has not provided this court with any additional reason to conclude the records were in fact given to trial counsel. The motion judge's finding that trial counsel was not provided with the records was not clearly erroneous, and therefore failure to seek to admit the records does not amount to performance below that of the ordinary fallible attorney. See Saferian, 366 Mass. at 96.
To the extent the telephone records may have been provided to or known of by trial counsel, counsel was not ineffective for not attempting to have the records admitted because it was unlikely the trial judge would have admitted them.[4] A "victim's testimony on matters not relevant to contested issues in the case cannot, as of right, be contradicted by extrinsic evidence." Commonwealth v. Sherry, 386 Mass. 682, 693 (1982). The defendant claims the telephone records show he contacted the victim several times over a two-month period six months before the home invasion and armed robbery, which contradicts the victim's claim that he had not seen or heard from the defendant since 1998. The telephone records would not contradict the victim's account of the home invasion or armed robbery, at best refuting an immaterial statement on the defendant and victim's relationship. Failure to impeach a witness generally "does not prejudice the defendant or constitute ineffective assistance." Commonwealth v. Bart B., 424 Mass. 911, 916 (1997).
Apart from impeachment purposes, the defendant argues the telephone records were relevant to the material issue whether or not he entered the apartment with the victim's consent. The defendant argues proving he and the victim had spoken within the last six months would provide some support for his claim that he entered the home with permission and to purchase drugs. A defendant is generally entitled to present exculpatory evidence, but when the evidence is remote or speculative and will divert the jury's attention to collateral matters it is well within a trial or motion judge's discretion to exclude such evidence. See Commonwealth v. Linton, 456 Mass. 534, 554 (2010). Here, testimony casting the victim as a drug dealer and explaining the telephone records, which were in a woman's name,[5] would confuse the jury and divert its attention to collateral matters. Given the fact that the telephone records in their present form were inadmissible hearsay, or that the additional testimony required to authenticate and explain them would have caused confusion, we conclude the motion judge did not abuse his discretion in finding the records inadmissible and that counsel was not ineffective for not seeking to admit them.
Even were the records admissible, failure to seek to admit them hardly denied the defendant a substantial defense. The defendant argues the records would provide inferential support for his defense, which was that he entered the victim's apartment with permission and for the purpose of purchasing drugs, i.e., not by force. In closing, defense counsel made this argument based upon the defendant's postarrest statements to the police. The records do not pertain to the date of the home invasion and would not show whether or not the defendant called the victim on the day in question. In light of the substantial evidence presented against the defendant, the jury would have had to brave a vast inferential leap to find these alleged contacts overcame the evidence against the defendant and proved his version of events.
Orders denying motions for new trial affirmed.

The defendant initially filed a pro se motion for new trial, which was denied. The defendant appealed the denial, but then obtained counsel and leave from this court to file a second new trial motion in the Superior Court. The second motion was substantially the same as the first and was also denied. The defendant appealed and the earlier, stayed appeal was consolidated with this appeal.

This court affirmed the defendant's convictions on direct appeal in a memorandum and order pursuant to our rule 1:28. Commonwealth v. Bayne, 83 Mass. App. Ct. 1119 (2013).

The telephone records contain several handwritten markings attempting to indicate calls made by the defendant to the victim. Therefore, the records as presented would not fall under the "Business Records" exception to the rule against hearsay because they were not made in the "regular course of business." Mass. G. Evid. § 803(6)(A) (2018). Nevertheless, because we conclude the motion judge correctly determined the matter was collateral, we assume counsel could have obtained a new copy of the records and used testimony to authenticate and explain them.

The telephone records are in the name of a woman and would have required testimony from that woman to show that the defendant sometimes used that phone to call the victim. In fact, the motion judge also found the defendant failed to establish that the phone number highlighted as his in the records was used by the defendant, and we discern no reason to upset that finding.