NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-223

COMMONWEALTH

vs.

MICHAEL MARPLE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order denying his fourth motion for a new trial, filed in 2021.[1]  The motion was supported by affidavits and alleged that trial counsel's advice at the plea stage, and his later decisions not to object to the prosecutor's closing argument or request certain jury instructions, was conduct "falling measurably below that which might be expected from an ordinary fallible lawyer" which "likely deprived the defendant of an otherwise available,

---

[1] The defendant's first motion for a new trial, filed after his conviction of murder in the second degree was affirmed on direct appeal, Commonwealth v. Marple, 26 Mass. App. Ct. 150 (1988), was denied by the trial judge in a decision that a different panel of this court affirmed.  Commonwealth v. Marple, 35 Mass. App. Ct. 1103 (1993).  In 2009 and 2010, the defendant filed second and third motions for a new trial, which were denied in orders that another panel of this court affirmed in a consolidated appeal.  Commonwealth v. Marple, 81 Mass. App. Ct. 1124 (2012).

substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). A Superior Court judge denied the motion without evidentiary hearing, Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001), after concluding that it failed to raise a substantial question under the first prong of Saferian. See Commonwealth v. Comita, 441 Mass. 86, 90 (2004) (defendant's burden to prove both prongs). Seeing no error of law or abuse of discretion by the judge, Commonwealth v. Barry, 481 Mass. 388, 401 (2019); Commonwealth v. Grace, 397 Mass. 303, 307 (1986), and no substantial risk of a miscarriage of justice from counsel's supposed failures, Commonwealth v. Glover, 459 Mass. 836, 846 (2011), we affirm.

The judge correctly discerned that the affidavits failed to raise a substantial issue regarding trial counsel's advice to "roll[] big dice" because the case "was in the bag" and "a sure thing" (though the judge did not believe trial counsel said that). To quote a prior panel, see note 1, supra, "The decision to pursue an 'all-or-nothing' strategy, in hopes of gaining an acquittal, is not manifestly unreasonable." Commonwealth v. Marple, 81 Mass. App. Ct. 1124 n.1 (2012). Counsel's "simple misjudgment as to the strength of the prosecution's case [and] the chances of acquittal," or the fact that the strategy did not work, does not "give rise to a claim of ineffective assistance of counsel" (citation omitted). Commonwealth v. Mahar, 442

2

Mass. 11, 17 (2004). The defendant's wish "to second guess his decision and counsel's advice in light of subsequent adverse events" is understandable, but "[w]e do not view such advice retrospectively through the lens of subsequent events that may have proved it wrong." Id.

We have no basis to question the judge's assessment of the prosecutor's closing argument where the defendant apparently provided the seven volumes of trial transcript to the motion judge but did not, as was his obligation, supply the court with an electronically formatted transcript or certify that a copy was available in the appellate court. Mass. R. A. P. 9 (d) (1) and (d) (3), as appearing in 481 Mass. 1615 (2019). See Commonwealth v. Renderos, 440 Mass. 422, 425 (2003) (closing arguments reviewed in light of entire argument as well as judge's instructions to jury and evidence at trial). For this same reason, we cannot quarrel with the judge's determination that a "separate consideration" instruction was unnecessary because "[t]he jury obviously understood that Marple was the only defendant on trial" and "[t]he joint enterprise charge fully explained that the government must prove the individual defendant's personal participation and not just his mere presence." See Commonwealth v. Arias, 84 Mass. App. Ct. 454,

3

465 (2013) (review of claimed jury instruction error requires evaluation of instructions as a whole).

> Order denying fourth motion for new trial affirmed.
>
> By the Court (Blake, Walsh & Hershfang, JJ.[2]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:   August 21, 2023.

---

[2] The panelists are listed in order of seniority.